EXECUTION COPY
SUBJECT TO FED. R. EVID. 408 AND STATE EQUIVALENTS

## AGREEMENT

This agreement (the "Agreement"), is entered into by and between Starwood Hotels & Resorts Worldwide, Inc. and its affiliates, including without limitation, Starwood (M) International, Inc. (collectively, "Starwood") and The Jack Parker Corporation and its affiliates, including without limitation, PM Hotel Associates and Parker Palm Springs LLC (collectively, "Parker"), (Starwood and Parker collectively, the "Parties," or singularly, a "Party".)

### RECITALS

**WHEREAS**, PM Hotel Associates is the owner of the Le Parker Meridien New York Hotel (the "Parker NY"), and Parker Springs LLC is the owner of the Le Parker Meridien Palm Springs Hotel (the "Parker Palm Springs") (the Parker NY and the Parker Palm Springs collectively referred to as the "Hotels");

**WHEREAS**, Starwood and Parker are parties to certain agreements related to the operation of the Hotels including, but not limited to a license agreement dated as of July 1996, as amended with respect to the Parker NY and a license agreement dated as of May 28, 2003, as amended with respect to the Parker Palm Springs (such agreements collectively referred to as the "Agreements");

**WHEREAS**, Starwood has notified Parker of potential claims arising out of the operation of the Hotels relating to the Starwood Preferred Guest ("SPG") Program; and

**WHEREAS**, the Parties believe, that it will be mutually beneficial to confirm that the transaction of business between the Parties with respect to the Hotels shall not be deemed a waiver or election of any rights, remedies, defaults or defenses under the Agreements or applicable law;

**NOW THEREFORE**, in consideration of the mutual promises, covenants and considerations contained herein, and of other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties hereby agree as follows:

1. The transaction of any business between the Parties relating to the Hotels, including, but not limited to, tendering or accepting any fees or other compensation, which occurs between January 27, 2012 and the earlier to occur of (a) the execution of a document by the Parties resolving the current dispute, or (b) a final judgment of a court of competent jurisdiction, shall not be deemed a waiver or election of any rights, remedies, defaults or defenses under the Agreements or applicable law.

2. Nothing contained herein shall (a) be construed as an admission by any Party that any other Party has valid claims or defenses, and each Party reserves all claims and defenses, (b) be deemed an agreement by any Party to transact any business with any other Party, or (c) alter or modify any terms or provisions of the Agreements.

3. The Parties agree that this Agreement shall inure to the benefit of any affiliates of the Parties and to any successor or assign of the Parties.

EXECUTION COPY
**SUBJECT TO FED. R. EVID. 408 AND STATE EQUIVALENTS**

4. Each signatory to this Agreement represents that such signatory has full power and authority to execute and deliver this Agreement on behalf of the respective Parties. Each Party acknowledges that such Party has consulted with such Party's attorneys and fully understands the terms hereof, and that this Agreement was drafted jointly by the Parties.

5. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflicts of laws principles.

6. This Agreement may be signed in counterparts and delivered by facsimile or email, and each such counterpart, upon execution and delivery, shall be deemed a complete original, binding the Parties subscribed thereto upon execution by all Parties to this Agreement. Photocopies and/or facsimile and/or email transmissions of original signatures shall be considered in all respects equivalent to original signatures.

IN WITNESS WHEREOF, the Parties, acting with full authority, enter into this Agreement.

Dated: New York, New York
        March 20, 2012

Starwood Hotels & Resorts Worldwide, Inc.,
on behalf of itself and its affiliates

By: _____
Steven M. Stimell, Esq.
Counsel for Starwood

The Jack Parker Corporation,
on behalf of itself and its affiliates

By: _____
Marc E. Kasowitz, Esq.
Daniel J. Fetterman, Esq.
Counsel for Parker