

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 2 2 2013

Noah M. Weissman
Direct: 212-541-2028
Fax: 212-541-1484
Noah.Weissman@bryancave.com

March 20, 2013

**BY HAND DELIVERY**



The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

**Bryan Cave**
**International Consulting**
*A TRADE AND CUSTOMS CONSULTANCY*
www.bryancaveconsulting.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Re: Starwood Hotels & Resorts Worldwide, Inc., et al. v. PM Hotel Associates, L.P., et al. Index No. 13-cv-38

Dear Judge Forrest:

Bryan Cave LLP represents the Plaintiffs in this action – Starwood Hotels & Resorts Worldwide, Inc. ("Starwood Hotels"), Starwood (M) International, Inc. ("Starwood International") and Preferred Guest, Inc. ("PGI"), (collectively, "Starwood"). Pursuant to Rule 6.C of Your Honor's Individual Practices In Civil Cases, we write to explain the basis for Starwood's belief that subject matter jurisdiction exists based on diversity of citizenship under 28 U.S.C. § 1332.

*First*, this is an action among citizens of different states. Starwood Hotels is a Maryland corporation. Starwood International and PGI are both Delaware corporations. Plaintiffs all have a principal place of business in Stamford, Connecticut. Upon information and belief, Defendant PM Hotel Associates, L.P. ("Parker NY") is a New York limited partnership and Defendant Parker Palm Springs LLC ("Parker Palm Springs") is a California limited liability company. Upon information and belief, no partner of Parker NY and no member of Parker Palm Springs is a citizen of Maryland, Delaware or Connecticut, and Defendants have not asserted otherwise. *See* Doc. No. 12 at 2, n.2.

*Second*, the amount in controversy exceeds $75,000. In the first cause of action, Starwood International, which is party to a license agreement with Parker NY and a license agreement with Parker Palm Springs (collectively "License Agreements"), seeks declaratory judgment that Starwood International may terminate the License Agreements based on Defendants' material breach and Default. In actions seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

The Honorable Katherine B. Forrest  **Bryan Cave LLP**
March 20, 2013
Page 2

Here, the "object" of the declaratory judgment cause of action is the termination of the License Agreements. There should be no dispute that collective value of the License Agreement exceeds $75,000.

The second through fourth causes of action assert claims for breach of contract, fraud, and unjust enrichment, based on Defendants' three-year fraudulent scheme to artificially inflate the occupancy rate for their two hotels and then use that fake data to mislead Starwood into paying Defendants premium reimbursements to which they were not entitled under the License Agreements. While Defendants recently wired $1,004,653 to Starwood – which Defendants characterized as "payment in connection with issues concerning" the SPG Program – Defendants have not indicated that this amount reflects the full amount stolen from Plaintiffs through their fraudulent scheme. Given the amount Starwood paid Defendants for premium reimbursement, Starwood has reason to believe that their damages still exceed $75,000. There has been no discovery, and Defendants cannot establish that Starwood's damage claim is "patently deficient."

Regardless, the amounts expended by Starwood in uncovering, auditing, and investigating Defendants' fraudulent scheme have not been repaid and certain of those costs may be recovered as consequential damages. The License Agreements also provide that Defendants must indemnify Starwood International and its affiliates (i.e., Starwood Hotels and PGI) "from and against any losses … damages … costs and expenses (including, without limitation, attorneys' fees and accountants' fees and expenses) suffered by [Plaintiffs] arising out of or resulting from … (iv) breach of [Defendants'] representations, warranties, covenants, or agreements under this Agreement …." License Agreements, Art. V, ¶ 6(a). Where fees can be recovered as a matter of right under a contract, they can be used to satisfy the amount in controversy requirement. *Kimm v. KCC Trading, Inc.*, 449 Fed. App'x 85, 85-86 (2d Cir. 2012). These costs and expenses far exceed $75,000.

In sum, complete diversity exists and the amount-in-controversy exceeds $75,000. Thus, the Court's exercise of subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is warranted.

Very truly yours,

Noah Weissman

cc: *(via email)*

Marc E. Kasowitz, Esq. (mkasowitz@kasowitz.com), *attorney for Defendants*
Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com), *attorney for Defendants*
Christian T. Becker, Esq. (cbecker@kasowitz.com), *attorney for Defendants*

1721041.2\C062189\0328633