

Noah M. Weissman
Direct: 212-541-2028
Fax: 212-541-1484
Noah.Weissman@bryancave.com

April 4, 2013

**BY HAND DELIVERY**

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

Re:   Starwood Hotels & Resorts Worldwide, Inc., et al. v.
      PM Hotel Associates, L.P., et al. Index No. 13-cv-38

Dear Judge Forrest:

As counsel to Plaintiffs, we request permission, pursuant to Rules 1.B. and 2.D. of Your Honor's Individual Practices, to file a short sur-reply to address or have stricken new arguments and related factual assertions made for the first time in Defendants' Reply Brief in further support of their Motion to Dismiss. Below we have sought to identify the issues and explain the need for a sur-reply while attempting to comply with the Court's direction not use this letter as the vehicle to present our arguments.

A party may seek leave to file a sur-reply to address or have stricken new arguments, facts, or other issues raised for the first time in a reply brief. *Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 379 (S.D.N.Y. 2004); *Wolters Kluwer Financial Servs. Inc. v. Scivantage*, 07-cv-2352, 2007 WL 1098714, *1 (S.D.N.Y. Apr. 12, 2007). Here, Defendants waited until their reply brief to make a substantive argument on subject matter jurisdiction, advancing new legal arguments and factual allegations on the amount in controversy. By doing so, Defendants have been able to present an misleading factual and legal record. Plaintiffs should have the opportunity to respond, and the Court should have the benefit of that response in deciding this issue.

Defendants' opening brief relegated their subject matter jurisdiction discussion to a footnote in their fact section, in which they merely noted that Starwood acknowledged receiving $1,004,653, claimed without support that this payment "substantially" reimbursed Plaintiffs, and summarily concluded that there was a "substantial issue whether the amount in controversy … is sufficient for subject matter jurisdiction." Doc. No. 12, p. 2, n.2. Defendants then waited until their reply

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

**Bryan Cave
International Consulting**
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

The Honorable Katherine B. Forrest                                                                                              Bryan Cave LLP
April 4, 2013
Page 2

brief to advance four pages of new legal arguments and allegations with a new supporting affirmation. In particular, Defendants asserted for the first time on reply that their consultants prepared a report, supposedly endorsed by Plaintiffs' consultants, that established that the total damages Plaintiffs suffered from the fraudulent scheme was the exact amount Defendants paid. If Defendants had made this argument in their moving brief, Plaintiffs would have submitted the report of Defendants' consultant for the Court's consideration – something Defendants notably chose to withhold – which would show that the proffered payment is merely Defendants' estimate of the amount they stole based on information provided by Defendants to their consultants and a variety of assumptions, and that the damages from the fraudulent scheme could far exceed this amount. Plaintiffs also could have submitted evidence attesting to the good faith basis of a much higher calculation of fraudulently obtained SPG reimbursements to rebut this new factual assertion.

Defendants also argued for the first time on reply that Plaintiffs' supposed settlement offer establishes that the amount in controversy is not met. If Defendants had not waited and withheld this argument for their reply, Plaintiffs could have informed the Court that this "settlement offer," in fact, represents <u>Defendants'</u> proposal to pay back the money their own consultants estimated was stolen, not Plaintiffs' calculation of their maximum damages. Plaintiffs also could have explained that Defendants newly cited case law actually instructs that a settlement proposal almost certainly represents far less than a plaintiff would seek in good faith through its complaint, thereby supporting subject matter jurisdiction. Plaintiffs also could have alerted the Court that Defendants' use of this draft settlement document – which was never ultimately agreed to by the parties – was prohibited based on counsels' agreement that it was "not admissible in any action or proceeding" and not simply subject to Rule 408 restrictions. (Even more improperly, Defendants reference this settlement agreement and related discussions in support of their argument on incurable default – a blatant violation of Rule 408 and the parties' express agreement, justifying that this material be stricken from the record.) Similarly, Defendants waited until reply to argue against the amount in controversy that Plaintiffs may not recover attorneys' fees and that the value of the contracts at issue does not exceed $75,000 – both of which Plaintiffs would refute through case law and factual support.

In light of the foregoing, we respectfully request that Your Honor permit Plaintiffs to file a sur-reply to address these new arguments or strike them as improperly made for the first time in Defendants' reply brief. We further request that any leave granted to file a sur-reply provide Plaintiffs at least 5 business days to do so from the Court's decision on this application.

Very truly yours,

/s/ Noah Weissman
Noah Weissman

cc: *(via email)*
Marc E. Kasowitz, Esq. (mkasowitz@kasowitz.com), *attorney for Defendants*
Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com), *attorney for Defendants*

[Handwritten annotation: Ordered. Application granted. Sur-reply due on 4/10/13, limited to 10 double-spaced pages. K. B. Forrest, USDJ 4/4/13]

1723604.2\C062189\0328633