

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019-6799
212-506-1700
FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 0 2013

April 9, 2013

**BY HAND DELIVERY**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

    Re:   *Starwood Hotels & Resorts Worldwide, Inc., et al. v.*
           *PM Hotel Associates, L.P., et al.*, Case No. 13 Civ. 38

Dear Judge Forrest:

    We represent defendants PM Hotel Associates, L.P. and Parker Palm Springs LLC (the "defendants") in the above-referenced matter. We write to respectfully request that the Court enter the enclosed proposed interim protective order pursuant to Fed. R. Civ. P. 26(c) and Rule 6.A of your Individual Practices. Defendants have conferred with plaintiffs Starwood Hotels & Resorts Worldwide, Inc., Starwood (M) International, Inc., and Preferred Guest, Inc. (the "plaintiffs"), and plaintiffs consent to this application.

    Plaintiffs requested the right to file a sur-reply in an April 4, 2013 letter to Your Honor (the "April 4 letter"), and Your Honor granted that request (Docket No. 19). In the April 4 letter, Starwood indicated that "[p]laintiffs would have submitted the report of Defendants' consultant for the Court's consideration" suggesting that they may file that report with their sur-reply. April 4 letter, at 2. The referenced-report contains, among other things, confidential business information of the defendants related to hotel occupancy and revenue, and the names of certain of defendants' employees who are not parties in this matter and may be embarrassed by the public filing of this report.

    District courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment [or] oppression . . . ." Fed. R. Civ. P. 26(c). Courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984); *see Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010).

    Courts have found that there is good cause to issue a protective order for records of internal investigations because they "may contain a variety of types of personal information, as well as allegations that have not been fully investigated, substantiated, or proven." *Kelly v. City*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Honorable Katherine B. Forrest
April 9, 2013
Page 2

*of New York*, 01 Civ. 8906 (AGSDF), 2003 WL 548400, *5 (S.D.N.Y. Feb. 24, 2003).  As in *Kelly*, the individuals whose names appear in the report of defendants' consultants "are not parties to this action, and are not being charged with wrongdoing in this case, and the Court should therefore make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations." *Id.*

Parker therefore requests that, good cause having been shown, the Court "So Order" this request for an interim protective order so that, if plaintiffs file the referenced-report as part of their sur-reply filing, or any other document containing defendants' confidential business information, the report and such other confidential documents shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section 6.A of the Court's Individual Practices.  This interim protective order will be subject to a future protective order based on Your Honor's model orders.

Respectfully,

Marc E. Kasowitz /CTB

Marc E. Kasowitz

Enclosure

cc:   Counsel of Record (*via electronic mail*) (*with enclosure*)

---

Ordered

Application granted,

4/10/13    Katherine B. Forrest
           USDJ