

Noah M. Weissman
Direct: 212-541-2020
Fax: 212-541-1484
Noah.Weissman@bryancave.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 29 2013

April 26, 2013

**BY HAND DELIVERY**



RECEIVED
APR 26 2013
KATHERINE B. FORREST
U.S. DISTRICT JUDGE
S.D.N.Y.

The Honorable Katherine B. Forrest
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

Re:   Starwood Hotels & Resorts Worldwide, Inc., et al. v.
      PM Hotel Associates, L.P., et al. Index No. 13-cv-38

Dear Judge Forrest:

We are counsel to Plaintiffs (collectively, "Starwood"). In advance of the Initial Case Management Conference and oral argument on Defendants' motion to dismiss, on May 1, 2013, we write to inform the Court of recently discovered evidence from a new whistleblower regarding additional methods Defendants allegedly have employed to defraud Starwood, which Defendants have never disclosed and which directly impact the issues before the Court on the pending motion to dismiss. Starwood accordingly requests that it be permitted to submit a sworn declaration setting forth the recently discovered information so that the Court may consider it on the pending motion or, to the extent necessary for notice pleading, allow Starwood to amend the Complaint to include it so that the sufficiency of Starwood's claims can be fully evaluated. *Madeleine, L.L.C. v Casden*, 12 CIV. 2112 (KBF), 2013 WL 772812 (SDNY Feb. 27, 2013).

On April 23, 2013, Starwood received a telephone call from a former employee of the Parker Palm Springs Hotel, one of the hotels operated by Defendants. This former employee had read the Complaint on a public website and wished to inform Starwood that the fraud described in the Complaint was not the sole manner by which Defendants had been defrauding Starwood.

The former employee[1] described in detail another form of fraud that had been perpetuated against Starwood at Parker Palm Springs. Specifically, in addition to

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**Bryan Cave Offices**
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

**Bryan Cave
International Consulting**
*A TRADE AND CUSTOMS CONSULTANCY*
www.bryancaveconsulting.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

---

[1] Because this former employee expressed concern that she would suffer "repercussions" from particular personnel at Parker Palm Springs, we have not identified the employee by name.

1728097.2\0328633

The Honorable Katherine B. Forrest             Bryan Cave LLP
April 26, 2013
Page 2

artificially inflating the Parker Hotels' occupancy rates, which is detailed in the Complaint, senior management had engaged in and directed hotel staff to engage in a practice described as "playing with the rates." As described in the Complaint, Defendants were artificially inflating their occupancy rates to surpass the 95% threshold to fraudulently obtain higher premium SPG reimbursements, which is calculated using the average daily room rate ("ADR") of the particular night (instead of a lower flat rate applicable if the occupancy rate was below 95%). The former employee informed Starwood that the practice of "playing with the rates" involved manipulating rates for multi-night stays at the hotel, in which management and staff would fraudulently inflate the ADR by increasing the room rates on the days of the stay when 95% occupancy was achieved and correspondingly lowering the room rates on the days of the stay when this occupancy threshold was not met, which would have the effect of inflating ADR for purposes of calculating premium SPG reimbursement from Starwood while maintaining the total overall revenue for the multi-night stay. The informant also described her discovery of this fraudulent practice and how it was supported and directed by Parker Palm Springs' senior management.

In short, it appears that not only were Defendants artificially inflating hotel occupancy rates so that they could fraudulently obtain a higher reimbursement rate, they also were artificially inflating the room rates to increase ADR and correspondingly inflate premium SPG reimbursements.

We accordingly request an opportunity to submit a declaration explaining this newly discovered evidence of additional fraud, which provides additional reasons for denying Defendants' motion to dismiss. First, this additional fraud increases the amount in controversy, further supporting this Court's jurisdiction. Second, to the extent that Defendants have argued that they have sufficiently cured by payment, this argument fails for the additional reason that Defendants have not argued that their payment covered any damages arising from this second method of fraud. Third, even if cure is possible -- which it is not -- this newly discovered manner of fraud, which has been concealed by Defendants even after Starwood alerted them to the occupancy inflation, is further evidence of how the relationship of trust necessary to continue any business relationship has been irrevocably destroyed.

For the foregoing reasons, we respectfully request that Your Honor permit Plaintiffs to submit a declaration further supporting their opposition to the pending motion to dismiss or permit Starwood to amend the Complaint to reflect this newly discovered evidence.

Respectfully submitted,

*[signature]*

Noah Weissman

cc: (*via email*)
Marc E. Kasowitz, Esq. (mkasowitz@kasowitz.com), *attorney for Defendants*
Daniel J. Fetterman, Esq. (dfetterman@kasowitz.com), *attorney for Defendant*

1728097.2\0328633

*[Handwritten annotation:]* Ordered. Any declaration must be submitted not later than C.O.B. 4/30/13.

4/29/13   K. B. F.
USDJ