Marc E. Kasowitz (mkasowitz@kasowitz.com)
Daniel R. Benson (dbenson@kasowitz.com)
Daniel J. Fetterman (dfetterman@kasowitz.com)
Christian T. Becker (cbecker@kasowitz.com)

KASOWITZ, BENSON,
     TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1700

*Attorneys for Defendants PM Hotel Associates, L.P. and Parker Palm Springs LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – x
                           :

STARWOOD HOTELS & RESORTS     :
WORLDWIDE, INC., STARWOOD (M)    :
INTERNATIONAL, INC., and PREFERRED  :     13 Civ. 38 (KBF) (JLC)
GUEST, INC.                      :
                    Plaintiffs,  :
                           :

      - against -             :
                           :

PM HOTEL ASSOCIATES, L.P. and PARKER  :
PALM SPRINGS LLC,            :
                           :
                  Defendants.  :
– – – – – – – – – – – – – – – – – – – – – – – – – – – x

## DEFENDANTS' ANSWER AND DEFENSES

     Defendants PM HOTEL ASSOCIATES, L.P. and PARKER PALM SPRINGS LLC

("Defendants" or "Parker"), by and through their undersigned attorneys, submit their Answer and

Defenses to the Complaint filed by plaintiffs STARWOOD HOTELS & RESORTS

WORLDWIDE, INC., STARWOOD (M) INTERNATIONAL, INC. and PREFERRED GUEST,

INC. (collectively "Plaintiffs" or "Starwood").

## ANSWER

Except as expressly admitted in these correspondingly numbered paragraphs to the Complaint, Defendants deny all allegations in the Complaint.  In response to the allegations in the specific numbered paragraphs in the Complaint, Defendants answer the Complaint as follows:

## INTRODUCTION

1.      Defendants admit this is an action against Parker to terminate the license agreements for the operation of two Le Méridien hotels and for damages.  The remaining allegations contained in Paragraph 1 are argumentative and assert legal conclusions as to which no responses are required.

2.      Defendants admit that Defendants and their affiliates own and operate two hotels, Le Parker Méridien New York (the "New York Hotel") and Le Parker Méridien Palm Springs (the "Palm Springs Hotel" and, with the New York Hotel, the "Parker Hotels"), and that the Jack Parker Corporation or its affiliates own and operate other assets.  Defendants admit that the Parker Hotels are operated under Starwood's Le Méridien brand, which Starwood licenses to Parker and other hotel owners.  Defendants aver that, after Plaintiffs' repeated requests and urging, they began participating in the SPG Program.  The remaining allegations contained in Paragraph 2 are argumentative and assert legal conclusions as to which no responses are required.

3.      Defendants admit that, on certain dates between 2008 and 2012, employees working at the Parker Hotels created occupancy records that did not reflect actual occupancy at the Parker Hotels by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program.  Defendants further aver that this practice was introduced to the employees at the New York Hotel by a former general manager of

a Starwood hotel who said this was a common practice at other Starwood hotels, including the previous Starwood hotel at which he had worked.   The remaining allegations contained in Paragraph 3 are argumentative and assert legal conclusions at to which no response is required.

4.     Defendants admit this is an action against Parker to terminate the license agreements for the operation of two Le Méridien hotels.   The remaining allegations contained in Paragraph 4 characterize Starwood's claims and no response is required.

## JURISDICTION AND VENUE

5.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5.

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6.

7.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7.

8.     Defendants admit the allegations contained in Paragraph 8.

9.     Defendants admit the allegations contained in Paragraph 9.

10.     Defendants admit the allegations contained in Paragraph 10.

11.     Defendants admit the allegations contained in Paragraph 11.

12.     Defendants admit that complete diversity exists between the parties, but deny that the amount in controversy is in excess of $75,000, and therefore deny that this Court has subject matter jurisdiction over this action.

13.     Defendants admit that if this Court has subject matter jurisdiction over this action, venue is proper pursuant to 28 U.S.C. § 1391.   The remaining allegations contained in Paragraph 13 assert legal conclusions as to which no responses are required

14.     Defendants admit that they transact business in New York.  The remaining allegations contained in Paragraph 14 assert legal conclusions as to which no responses are required

**GENERAL ALLEGATIONS**

15.     Defendants admit that Defendants and their affiliates own and operate the Parker Hotels under Starwood's Le Méridien brand, which Starwood licenses to Parker and other hotel owners.

16.     Defendants admit the allegations contained in Paragraph 16.

17.     Defendants admit that during the relevant period, defendant Parker Palm Springs, LLC owned the Palm Springs Hotel.

18.     Defendants admit the allegations contained in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 21.

22.     Defendants admit the allegations contained in Paragraph 22.

23.     Defendants admit the allegations contained in Paragraph 23.

24.     Defendants admit the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants admit the allegations contained in Paragraph 26 and respectfully refer the Court to the Méridien License Agreements for their terms.

27.     Defendants admit that the Parker Hotels began participating in the SPG Program in 2008 but deny the remainder of the allegations contained in Paragraph 27.

28.     Defendants deny that the amendments pursuant to which the Parker Hotels began participating in the SPG Program are dated October 28, 2008.  Defendants aver that those amendments (the "SPG Amendments") are dated "as of October 24, 2008," and that they began to participate in the SPG Program pursuant to the SPG Amendments.

29.     Defendants admit the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30 to the extent they imply that the reimbursement rate depends solely on the occupancy of a participating hotel. Defendants admit the remainder of the allegations contained in Paragraph 30.

31.     Defendants admit the allegations contained in the first two sentences of Paragraph 31.  Defendants lack knowledge or information sufficient to form a belief that the difference in reimbursement rates is often more than $200.00 for each SPG room.

32.     Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 32.

33.     Defendants lack knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 33.

34.     Defendants admit that, on certain dates between 2008 and 2012, employees working at the Parker Hotels created occupancy records that did not reflect actual occupancy at the Parker Hotels by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program.  Defendants admit that one result of creating occupancy records which did not reflect actual occupancy was increased reimbursement payments from Starwood under the SPG Program.  The remaining allegations

contained in Paragraph 34 are argumentative and assert legal conclusions as to which no response is required.

35.     Paragraph 35 is argumentative and asserts a legal conclusion to which no answer is required.

36.     Defendants admit that Steven Pipes is President of the New York Hotel and a senior executive of the Jack Parker Corporation.   The remaining allegations contained in Paragraph 36 are argumentative and assert legal conclusions as to which no response is required.

37.     Defendants admit that one of Mr. Pipes' focuses was maximizing hotel occupancy at the New York Hotel, which after the New York Hotel joined the SPG Program included achieving 95% occupancy.  Defendants further admit that achieving an occupancy rate of at least 95% maximizes reimbursements under the SPG Program.  The remaining allegations contained in Paragraph 37 are argumentative and assert legal conclusions as to which no response is required.

38.     Defendants admit that Mr. Pipes discussed maximizing hotel occupancy rates with senior management at the New York Hotel, including, among other things, achieving 95% occupancy.  Defendants deny the remainder of the allegations contained in Paragraph 38.

39.     Defendants admit that, on certain dates between 2008 and 2012, employees working at the New York Hotel created occupancy records that did not reflect actual occupancy at the New York Hotel by indicating that certain unoccupied rooms were occupied.   The remaining allegations contained in Paragraph 39 are argumentative and assert legal conclusions as to which no response is required.

40.     Defendants admit that, on certain dates between 2008 and 2012, employees working at the New York Hotel created occupancy records that did not reflect actual occupancy

at the New York Hotel by indicating that certain unoccupied rooms were occupied.   The remaining allegations contained in Paragraph 40 are argumentative and assert legal conclusions as to which no response is required.

41.   Paragraph 41 is argumentative and asserts a legal conclusion to which no answer is required.

42.   Paragraph 42 is argumentative and asserts a legal conclusion to which no answer is required.

43.   Defendants admit that familiarization trips are offered by hotels to encourage travel agents to book future customers at hotels, and that such trips were used to create occupancy records which did not reflect actual occupancy at the New York Hotel.   The remaining allegations contained in Paragraph 43 are argumentative and assert legal conclusions as to which no response is required.

44.   Defendants deny the allegations contained in Paragraph 44.

45.   Defendants admit that familiarization trips were used to create occupancy records that did not reflect actual occupancy at the New York Hotel.   The remaining allegations contained in Paragraph 45 are argumentative and assert legal conclusions as to which no response is required.

46.   Defendants admit that, on certain dates between 2008 and 2012, checked-in no-show reservations were used to create occupancy records that did not reflect actual occupancy at the New York Hotel.   The remaining allegations contained in Paragraph 46 are argumentative and assert legal conclusions as to which no response is required.

47.   Defendants admit that employees at the New York Hotel checked out unoccupied checked-in rooms before those rooms would be listed as needing to be cleaned.   The remaining

allegations contained in Paragraph 47 are argumentative and assert legal conclusions as to which no response is required.

48.     Defendants admit that, for certain dates between 2008 and 2012, they submitted SPG reimbursement requests to Starwood based on occupancy records which did not reflect actual occupancy because the calculation of occupied rooms included certain rooms that should not have been included pursuant to the terms of the SPG Program.   Defendants deny the allegations contained in Paragraph 48 to the extent they imply or could lead to an inference that Plaintiffs have any damages.   To the extent not expressly admitted, the allegations contained in Paragraph 48 are denied.

49.     Defendants admit the allegations contained in Paragraph 49.

50.     Defendants admit the allegations contained in Paragraph 50.

51.     Defendants admit the allegations contained in Paragraph 51.

52.     The allegations contained in Paragraph 52 are argumentative and assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 52.

53.     The allegations contained in Paragraph 53 are argumentative and assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief regarding the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54.

55.     The allegations contained in Paragraph 55 are argumentative and assert legal conclusions as to which no response is required.

56.     Defendants admit that Mr. Pipes is a senior executive at the Palm Springs Hotel. The remaining allegations contained in Paragraph 56 are argumentative and assert legal conclusions as to which no response is required.

57.     Defendants admit the allegations contained in Paragraph 57.

58.     Defendants admit the allegations contained in Paragraph 58.

59.     Defendants admit that, for certain days between 2008 and 2012, certain employees at the Palm Springs Hotel created occupancy records that did not reflect the actual occupancy at the Palm Springs Hotel by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program.  Defendants admit that one result of creating occupancy records which did not reflect actual occupancy was increased reimbursement payments from Starwood under the SPG Program.  The remaining allegations contained in Paragraph 59 are argumentative and assert legal conclusions as to which no response is required.

60.     Defendants admit that, for certain days between 2008 and 2012, certain employees at the Palm Springs Hotel created occupancy records that did not reflect the actual occupancy at the Palm Springs Hotel by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program.  To the extent not expressly admitted, the allegations in Paragraph 60 are denied.

61.     Defendants admit the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62, and aver that Mr. Pipes and the general manager of the Palm Springs Hotel had authority to approve no-cost stays.

63.     Defendants admit that on certain dates between 2008 and 2012, certain employees at the Palm Springs Hotel created occupancy records that did not reflect actual occupancy at the

Palm Springs Hotel by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program. Defendants admit that Mr. Pipes had access to the reservation system for the Palm Springs Hotel. To the extent not expressly admitted, the allegations in Paragraph 63 are denied.

64.     Defendants admit that certain employees at the Palm Springs Hotel reviewed the hotel's occupancy on a daily basis, and, on certain dates between 2008 and 2012, created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel by including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program. The remaining allegations contained in Paragraph 64 are argumentative and assert legal conclusions as to which no response is required.

65.     Defendants admit that, for certain days between 2008 and 2012, the Palm Springs Hotel submitted occupancy reports to Starwood that did not reflect actual occupancy at the Palm Springs Hotel, including reports that represented that the hotel's occupancy met or exceeded 95% but included in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program. Defendants lack knowledge or information sufficient to form a belief concerning Starwood's state of mind regarding Parker's entitlement to reimbursement payments under the SPG Program. The remaining allegations contained in Paragraph 65 are argumentative and assert legal conclusions as to which no response is required.

66.     Defendants admit the allegations contained in Paragraph 66.

67.     Defendants admit the allegations contained in Paragraph 67.

68.     Defendants admit the allegations contained in Paragraph 68.

69.     The allegations contained in Paragraph 69 are argumentative and assert legal conclusions as to which no response is required. To the extent a response is required,

Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations contained in Paragraph 69.

70.     The allegations contained in Paragraph 70 are argumentative and assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants lack knowledge or information as to the allegations contained in Paragraph 70.

71.     Defendants admit that Starwood raised its concerns to Parker in a letter dated January 27, 2012, and respectfully refer the Court to that letter for its contents.   The remaining allegations contained in Paragraph 71 are argumentative and assert legal conclusions as to which no response is required.

72.     Defendants lack knowledge or information as to the allegations contained in the first sentence of Paragraph 72.   Defendants admit that on February 27, 2012, counsel for Starwood sent counsel for Parker a letter, and respectfully refer the Court to that letter for its contents.   To the extent not explicitly admitted, the remaining allegations contained in Paragraph 72 are denied.

73.     To the extent they characterize Defendants' conduct as "fraud," the allegations contained in Paragraph 73 are argumentative and assert legal conclusions to which no response is required.   Defendants otherwise admit the allegations contained in Paragraph 73.

74.     Defendants admit that on January 2, 2013 – the same day Plaintiffs filed the Complaint – Starwood sent Defendants a letter asserting breaches of the Méridien License Agreements, and respectfully refer the Court to that letter for its contents. The remaining allegations contained in Paragraph 74 are argumentative and assert legal conclusions as to which no response is required.

75.    Defendants admit they contend Plaintiff Starwood (M) International, Inc. does not have the right to terminate the Méridien License Agreements.    The remaining allegations contained in Paragraph 75 are argumentative and assert legal conclusions as to which no response is required.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

76.    Defendants repeat and incorporate by reference the answers to Paragraphs 1 through 75 as if fully set forth herein.

77.    Paragraph 77 is argumentative and asserts a legal conclusion to which no answer is required.    To the extent a response is required, Defendants deny the allegations contained in Paragraph 77.

78.    Paragraph 78 is argumentative and asserts a legal conclusion to which no answer is required.    To the extent a response is required, Defendants deny the allegations contained in Paragraph 78.

79.    Paragraph 79 is argumentative and asserts a legal conclusion to which no answer is required.    To the extent a response is required, Defendants deny the allegations contained in Paragraph 79.

80.    Paragraph 80 is argumentative and asserts a legal conclusion to which no answer is required.    To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81.    Defendants admit they contend the Méridien License Agreements may not be terminated.    The remaining allegations contained in Paragraph 81 are argumentative and assert legal conclusions as to which no response is required.

82.     Paragraph 82 is argumentative and asserts a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 82.

83.     Paragraph 83 is argumentative and asserts a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 83.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

84.     Defendants repeat and incorporate by reference their answers to Paragraphs 1 through 75 and 77 through 83 as if fully set forth herein.

85.     Paragraph 85 is argumentative and asserts a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 85.

86.     Paragraph 86 is argumentative and asserts a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 86.

87.     Defendants admit the allegations in Paragraph 87.

88.     Paragraph 88 is argumentative and asserts a legal conclusion to which no answer is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 88.

## THIRD CAUSE OF ACTION: FRAUD

89.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 89.

90.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 90.

91.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 91.

92.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 92.

93.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 93.

94.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 94.

95.     The third cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 95.

## FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT

96.     The fourth cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 96.

97.     The fourth cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 97.

98.     The fourth cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 98.

99.     The fourth cause of action was dismissed by the Court on May 1, 2013.  As such, there is no need for Defendants to answer the allegations contained in Paragraph 99.

100.    The unnumbered "Wherefore" paragraph following Paragraph 99 is a demand to which no answer is required.

**DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiffs, upon knowledge as to themselves and upon information and belief as to all other matters, Defendants further plead the following facts and defenses to the claims alleged in the Complaint.

101.    Plaintiffs did not bring this action because their relationship with Defendants was irretrievably broken.  Rather, Plaintiffs brought this action based on an ulterior motive: to gain leverage to renegotiate their contract with Defendants.

102.    The manipulation of occupancy is a common practice throughout the hotel industry generally.

103.    In particular, numerous Starwood-brand hotels that participate in the SPG Program manipulate occupancy rates for the purposes of achieving the 95% threshold and increasing their reimbursement payments from Starwood pursuant to the SPG Program.

104.    Starwood is aware of this practice and, other than the instant action, has not terminated or sought to terminate any other hotels' agreements.

105.    Indeed, Starwood itself has increased reimbursement payments for hotels it owns and/or manages which participated in the SPG Program by, among other means, including in the calculation of occupied rooms certain rooms that should not have been included pursuant to the terms of the SPG Program.

106.    As a result of the foregoing, Defendants' conduct cannot amount to an incurable breach giving rise to a right to terminate the Méridien License Agreements.

107.    On or about December 28, 2012, Defendants paid $1,004,653 to Plaintiffs based on Plaintiffs' assertions that they had over-reimbursed the Parker Hotels pursuant to the SPG Program.  This amount represented $921,700 Defendants received as reimbursements based on

occupancy information that did not reflect actual occupancy at the Parker Hotels on certain days between 2008 and 2012, plus $82,951 in annual interest at 9%.  Defendants are not aware that Plaintiffs were owed any amount greater than the $921,700 which was paid to Plaintiffs. Further, the $1,004,653 is the only amount Plaintiffs have ever requested from Defendants based on the conduct described herein.

108.    From 2008 through 2012, Defendants paid fees to Plaintiffs based on revenue received by the Parker Hotels.  The revenue upon which these fees were calculated included amounts subsequently reimbursed to Plaintiffs.

109.    From 2008 through 2012, based on the number of SPG redemption rooms compared to total occupancy, Plaintiffs underpaid Defendants' supplemental award compensation pursuant to the SPG Program.

110.    If any judgment is awarded in Plaintiffs' favor, it should be set off by amounts already paid by Defendants to Plaintiffs, or due to Defendants from Plaintiffs, including but not limited to the foregoing.

**FIRST DEFENSE**

111.    Plaintiffs fail to state claims upon which relief may be granted.

**SECOND DEFENSE**

112.    Plaintiffs' claims are barred by Plaintiffs' inexcusable failure to adhere to the Notice and Cure Provisions in the Méridien License Agreements and SPG Amendments.

**THIRD DEFENSE**

113.    Plaintiffs' claims are barred, in whole or in part, by payment.

**FOURTH DEFENSE**

114.    Plaintiffs' claims are barred, in whole or in part, by estoppel.

### FIFTH DEFENSE

115.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

116.    Plaintiffs' claims are barred, in whole or in part, by waiver.

### SEVENTH DEFENSE

117.    Plaintiffs' claims are barred, in whole or in part, by setoff.

### EIGHTH DEFENSE

118.    Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

### NINTH DEFENSE

119.    Plaintiffs' claims are barred, in whole or in part, by bad faith.

Defendants reserve their right to amend their answer to assert any other defenses as may appear during the course of this action.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants deny that the Plaintiffs are entitled to judgment in any amount and pray that Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' cost.

Dated: New York, New York
       May 15, 2013

KASOWITZ, BENSON,
       TORRES & FRIEDMAN LLP

By: /s/ Marc E. Kasowitz
       Marc E. Kasowitz (mkasowitz@kasowitz.com)
       Daniel R. Benson (dbenson@kasowitz.com)
       Daniel J. Fetterman (dfetterman@kasowitz.com)
       Christian T. Becker (cbecker@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel. (212) 506-1700

*Attorneys for Defendants*