

Noah Weissman
Voice: 212-541-2029
Fax: 212-541-1484
NMWeissman@bryancave.com

**Redacted Pursuant to Protective Order**

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Bryan Cave Offices

Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave
International Consulting
*A TRADE AND CUSTOMS CONSULTANCY*

www.bryancaveconsulting.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

July 23, 2013

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _8/1/13_

**BY HAND DELIVERY AND EMAIL**

The Honorable Katherine B. Forrest
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

Re:   Starwood Hotels, et al. v. PM Hotel, et al. Index No. 13-cv-38

Dear Judge Forrest:

Bryan Cave LLP is counsel to Plaintiffs (collectively, "Starwood"). On behalf of
Starwood, we have met and conferred with counsel for Defendants (collectively,
"Parker") on multiple occasions concerning various discovery disputes. Despite these
attempts at resolution, Parker refuses to provide relevant discovery regarding the nature
and extent of its scheme to create false records and fraudulent reimbursement requests
in breach of the parties' agreements. Starwood now moves to compel.

In this case, Starwood alleges that Parker, in breach of the parties' agreements, created
false hotel records to mislead Starwood into making substantial payments to Parker
under the Starwood Preferred Guest program ("SPG Program"). Compl. at ¶¶ 1-3, 34-
75. Yet Parker seeks to conceal whether it falsified hotel records concerning room rates
in connection with that scheme. Parker also refuses to provide discovery concerning the
computation of its alleged "reimbursement" to Starwood of stolen funds, which forms
the basis of Parker's proffered defense of payment. Finally, Parker refuses to provide
discovery regarding the alleged fraudulent scheme subsequent to January 27, 2012, based

Redacted Pursuant to Protective Order

July 23, 2013                                                                      **Bryan Cave LLP**
Page 2

merely on its counsel's representation that Parker's scheme was not occurring after that date.[1]

1.  Starwood Properly Seeks Discovery on ADR Falsification

Starwood alleges that Parker falsified records to obtain unearned SPG reimbursements. Compl. at ¶¶ 1, 3. One way Parker did this was by manipulating occupancy records. Additionally, as part of its opposition to Defendants' motion to dismiss, Starwood provided newly discovered evidence from a former Parker employee indicating that Parker also artificially inflated average daily room rates ("ADR") to mislead Starwood into paying premium SPG reimbursements to Parker. *See* Doc. No. 30. The amount of premium SPG reimbursement Starwood pays to a hotel is directly based on the hotel's ADR. Compl. at ¶ 31. Yet Parker refuses to produce documents or answer Requests to Admit concerning this newly discovered aspect of its fraudulent scheme ("ADR Discovery"). *See* Appendix, Section I.[2] Parker's refusal to provide complete discovery regarding all aspects of its scheme to mislead Starwood into paying unearned premium SPG reimbursements is improper.

Notice pleading does not require a party to allege every fact underlying its claim. Fed. R. Civ. P. 8. Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." The critical question, therefore, is whether ADR Discovery is germane to at least one of Starwood's two well-pleaded claims. *See In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 24 (D. Conn. 2003). A specific fact does not need to be "alleged in a pleading for a party to be entitled to discovery of information concerning that fact." 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (2013); *see also PE Corp.*, 221 F.R.D. at 22, 24 (permitting discovery into facts beyond those specifically alleged in the complaint in support of plaintiff's securities fraud claim). Parker's falsification of hotel records regarding ADR

---

[1] The requests to admit, interrogatories and document requests at issue are set forth in the accompanying appendix ("Appendix"). With respect to the intent issue, we also have included responses to which Parker ███████████████ (Appendix, Section IV) ████████████ are relevant to the issue of whether Parker should be required to answer questions concerning intent. Additionally, Parker has advised that it will be submitting revised responses to four interrogatories on July 31 and Starwood reserves the right to seek appropriate relief from the Court if such responses are inadequate. Parker has marked the entirety of its responses to Starwood's Requests to Admit as confidential. With the possible exception of the names of employees who are not parties to the action, Starwood does not believe that such designation is appropriate. Counsel for Starwood has advised Parker's counsel of its objection to this designation and reserves the right to seek relief from the Court on this issue. Finally, Parker has refused to produce relevant hotel data on its reservation systems on the purported basis that Starwood has "equal access" to Parker's reservation systems. Starwood has been unable to verify this claim to date and reserves the right to seek appropriate relief from the Court.

[2] Although Parker's responses to several of the document requests would indicate otherwise, counsel for Parker confirmed that Parker will not produce documents concerning ADR manipulation on the ground that ADR manipulation is not alleged in the Complaint.

Redacted Pursuant to Protective Order

July 23, 2013
Page 3

is relevant to Starwood's declaratory judgment and breach of contract claims because it concerns the nature and extent of Parker's fraudulent conduct in breach of the parties' agreements, provides further evidence that Parker has destroyed the parties' relationship by continuing to conceal its wrongdoing, and affects the damages to which Starwood is entitled. **Accordingly, Starwood requests that the Court issue an order directing Parker to produce all documents and answer the Requests to Admit sought with respect to ADR Discovery.**

2.   Starwood Properly Seeks Admissions Concerning Intent

Starwood's Requests to Admit properly seek admissions concerning Parker's intent in creating false hotel records that inflated occupancy or ADR and in seeking premium SPG reimbursement to which Parker was not entitled ("Intent Requests"). *See* Appendix, Section II. A party may serve requests to admit that concern relevant facts or the application of law to fact. Fed. R. Civ. P. 36(a)(1). Although Parker Redacted Pursuant to Protective Order (*see e.g.,* Appendix, Section IV) , Parker argues that the Intent Requests are only relevant to Starwood's dismissed fraud claim and concern the state of mind of individuals who no longer work at the hotel. Neither contention has merit.

The nature of Parker's intent in creating false records and submitting them to Starwood is highly relevant to Starwood's claim that Parker's conduct destroyed the trust between the parties and Parker's contention that it can cure its breaches. *See Blue Bell, Inc. v. Western Glove Works, Ltd.,* 816 F.Supp. 236, 243 (S.D.N.Y. 1993) (whether cure is possible "turns on the quality of the fraud"). Furthermore, Fed. R. Civ. P. 36(a)(4) provides that "when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." Parker, therefore, can respond to Starwood's Intent Requests with a qualification that its answer reflects the intent only of those people still under Parker's employ. **Accordingly, Starwood requests Parker be directed to admit or deny the Intent Requests.**

3.   Starwood Properly Seeks Discovery On Parker's Affirmative Defense

Parker refuses to provide Starwood with any calculation or documents in connection with Parker's affirmative defense that its $1,004,653 payment reimbursed Starwood for substantially all of its damages ("Payment/Damages Discovery"). *See* Appendix, Section III. Parker argues that Starwood's Interrogatory No. 5 violates Local Civil Rule 33.3 ("Rule 33.3") and seeks information protected by the attorney-client privilege and work product doctrine. Rule 33.3, however, recognizes that discovery by interrogatory is a reasonable tool to obtain the details regarding "the computation of each category of damages alleged." Nothing in this language indicates that it is only a *plaintiff's* computation of its *own* damages that is discoverable. Far from shielding Parker's computation of damages from discovery by interrogatory, Rule 33.3 requires Parker to disclose its computation, as it is the most efficient and sensible way to obtain this discovery. *See* Rule 33.3(b) (indicating that interrogatories may be permitted where they represent a more practicable method of obtaining the information sought than a request for production or a deposition). Moreover,

Redacted Pursuant to Protective Order

July 23, 2013                                                          **Bryan Cave LLP**
Page 4

Parker's payment defense and contention that is substantially reimbursed Starwood for its damages has placed its computation in issue (Ans. at ¶¶ 107, 113), waiving any privilege that would otherwise shield it from disclosure. *See BNP Paribas v. Bank of New York Trust Co., N.A.*, 11-cv-350, 2013 WL 2434686, *3 (S.D.N.Y. June 5, 2013) ("Both the attorney-client privilege and the protection afforded by the work-product may be waived if the holder of the privilege or protection makes affirmative use of the protected material and fairness requires additional disclosure."). **Accordingly, Starwood requests that Parker be compelled to answer Interrogatory No. 5 and produce documents in response to Document Request No. 41.**

4.   The Relevant Date Range Should Be January 1, 2008 Through January 31, 2013.

Parker refuse to produce any documents or information post-dating January 27, 2012. This date limitation is based on nothing more than the representation by Parker's counsel that they have no knowledge that further misconduct occurred after this date. Starwood is not required to accept this informal assurance as a basis of limiting discovery – especially in light of the newly discovered evidence of fraud and breach of contract based on Parker's ADR manipulation discussed above. Accordingly, Starwood proposes that both parties produce responsive documents and information from January 1, 2008 through January 31, 2013. The January 1, 2008 start date is proposed because it is sufficiently early enough to adequately capture any relevant documents and information concerning Parker's entrance into the SPG Program, while the January 31, 2013 end date will capture fraud occurring after Starwood asserted allegations of wrongdoing and Parker's supposed efforts to cure. **Accordingly, Starwood requests that that Court order Parker to produce documents for the time period January 1, 2008 through January 31, 2013.**


Respectfully submitted,


Noah Weissman

Appendix Attached

cc: Counsel for Defendants (*via electronic mail w/ Appendix*)

# Appendix

## I.        ADR DISCOVERY

**Document Request No. 7 to Parker**

All documents concerning the creation of false reservation, check-in, or occupancy records at either the NY Hotel or the Palm Springs Hotel.

**Objection & Response to Document Request No. 7**

Defendants object to Request No. 7 on the grounds that it is vague and ambiguous, seeks to impose on Defendants broader discovery obligations than are required under the Federal Rules and the Local Rules, and is argumentative.

**Document Request No. 9 to Parker**

All documents concerning the fabrication or falsification of reservation, occupancy or check-in records at the NY Hotel or Palm Springs Hotel.

**Objection & Response to Document Request No. 9**

Defendants object to Request No. 9 on the grounds that it is vague and ambiguous, seeks to impose on Defendants broader discovery obligations than are required under the Federal Rules and the Local Rules, is duplicative of Request No. 7, and is argumentative.

**Document Request No. 17 to Parker**

All documents evidencing each request for premium SPG reimbursement related to the NY Hotel or the Palm Springs Hotel and all documents sufficient to establish whether any Defendant is entitled to such premium SPG reimbursement.

**Objection & Response to Document Request No. 17**

Defendants object to Request No. 17 on the grounds that the time period covered by it is overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and harassing in scope. Defendants further object to this Document Request to the extent it seeks documents to which Plaintiffs have greater or equal access. Defendants further object to this Document Request on the grounds that it duplicative of Request No. 6. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendants will produce non-privileged documents within their possession, custody or control that are responsive to this Request.

**Document Request No. 27 to Parker**

All documents concerning the knowledge of or participation by Steven Pipes in any effort (i) to create false or fictitious reservation, booking or check-in records, (ii) to inflate occupancy rates at the NY Hotel or Palm Springs Hotel or (iii) to obtain increased SPG Reimbursement.

<u>**Objection & Response to Document Request No. 27**</u>

Defendants object to Request No. 27 on the grounds that it is vague and ambiguous, seeks to impose on Defendants broader discovery obligations than are required under the Federal Rules and the Local Rules, and is argumentative. Defendants further object to this Document Request to the extent it is duplicative of Request Nos. 7, 8, 9, and 21.

<u>**Document Request No. 37 to Parker**</u>

For every day in which Defendants submitted requests to Starwood for premium SPG Reimbursement, all documents concerning the calculation of the total number of rooms that were occupied in the hotel, the number of complimentary rooms, the number of SPG rooms, the ADR to be used for the SPG reimbursement, and the percentage of occupancy for the hotel for that night.

<u>**Objection & Response to Document Request No. 37**</u>

Defendants object to Request No. 37 on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and harassing in scope. Defendants further object to this Document Request to the extent it seeks documents not within Defendants' possession, custody, or control, or to which Plaintiffs have greater or equal access. Defendants further object to this Document Request to the extent it is duplicative of Request Nos. 6, 16, and 17. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendants will produce non-privileged documents within their possession, custody or control that are responsive to this Request.

<u>**Request to Admit No. 40 to PM Hotel Associates, L.P.**</u>

In 2008, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

<u>**Response to Request No. 40**</u>

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

<u>**Request to Admit No. 41 to PM Hotel Associates, L.P.**</u>

In 2008, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

<u>**Response to Request No. 41**</u>

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 39 and 40.

**Request to Admit No. 44 to PM Hotel Associates, L.P.**

In 2009, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

> ### Response to Request No. 44
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 45 to PM Hotel Associates, L.P.**

In 2009, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

> ### Response to Request No. 45
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 43 and 44.

**Request to Admit No. 48 to PM Hotel Associates, L.P.**

In 2010, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

> ### Response to Request No. 48
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 49 to PM Hotel Associates, L.P.**

In 2010, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

**Response to Request No. 49**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 47 and 48.

## Request to Admit No. 52 to PM Hotel Associates, L.P.

In 2011, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 52**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 53 to PM Hotel Associates, L.P.

In 2011, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

**Response to Request No. 53**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 51 and 52.

## Request to Admit No. 56 to PM Hotel Associates, L.P.

In 2012, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 56**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 57 to PM Hotel Associates, L.P.**

In 2012, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

> **Response to Request No. 57**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 55 and 56.

**Request to Admit No. 60 to PM Hotel Associates, L.P.**

In 2013, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel.

> **Response to Request No. 60**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 61 to PM Hotel Associates, L.P.**

In 2013, one or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR or occupancy at the NY Hotel in furtherance of an effort to obtain increased reimbursement payments under the SPG Program.

> **Response to Request No. 61**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this request as compound and to the extent it is duplicative of Request Nos. 59 and 60.

**Request to Admit No. 142 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel created records that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 142**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 143 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel created records that did not reflect actual ADR at the NY Hotel by changing the room rates charged on individual nights for multi-nights reservations.

**Response to Request No. 143**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 144 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel created records that did not reflect actual ADR at the NY Hotel in furtherance of an effort to make one or more of the Plaintiffs believe that the ADR on certain nights at the NY Hotel was higher than it actually was on those nights.

**Response to Request No. 144**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 145 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel created ADR records that did not reflect actual ADR at the NY Hotel in furtherance of an effort to obtain higher Premium Reimbursements.

**Response to Request No. 145**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 146 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs regarding the ADR at the NY Hotel, created ADR records that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 146**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 147 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs into paying higher Premium Reimbursement, created ADR records that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 147**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 148 to PM Hotel Associates, L.P.**

Pipes knew, before April 1, 2013, that employees working at the NY Hotel created records that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 148**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because it is vague and ambiguous with respect to whether "before April 1, 2013" refers to the date Pipes obtained the knowledge, the date prior to which the activity occurred, or both. Parker NY also objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 149 to PM Hotel Associates, L.P.**

Pipes instructed or directed employees working at the NY Hotel to create records that did not reflect actual ADR at the NY Hotel.

**Response to Request No. 149**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 150 to PM Hotel Associates, L.P.**

One or more managers working at the NY Hotel instructed or directed employees working at the NY Hotel to create records that did not reflect actual ADR at the NY Hotel.

   **Response to Request No. 150**

   Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 151 to PM Hotel Associates, L.P.**

Pipes instructed or directed employees working at the NY Hotel to create records that did not reflect actual ADR at the NY Hotel in furtherance of an effort to obtain higher Premium Reimbursements.

   **Response to Request No. 151**

   Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 152 to PM Hotel Associates, L.P.**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the NY Hotel, employees working at the NY Hotel to create records that did not reflect actual ADR at the NY Hotel.

   **Response to Request No. 152**

   Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 153 to PM Hotel Associates, L.P.**

One or more employees working at the NY Hotel submitted SPG reimbursement requests based on records that did not reflect actual ADR at the NY Hotel.

   **Response to Request No. 153**

   Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 154 to PM Hotel Associates, L.P.**

One or more employees of Parker NY submitted SPG reimbursement requests that intentionally reported ADR at the NY Hotel that was higher than actual ADR.

> **Response to Request No. 154**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 155 to PM Hotel Associates, L.P.**

One or more Parker NY employees submitted SPG reimbursement requests that incorrectly reported ADR at the NY Hotel to obtain higher Premium Reimbursement.

> **Response to Request No. 155**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 156 to PM Hotel Associates, L.P.**

One or more employees working at the NY Hotel submitted SPG reimbursement requests that did not reflect actual ADR at the NY Hotel to obtain higher Premium Reimbursements.

> **Response to Request No. 156**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 157 to PM Hotel Associates, L.P.**

One or more employees of Parker NY, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the NY Hotel, submitted SPG reimbursement requests that did not reflect the actual ADR at the NY Hotel.

> **Response to Request No. 157**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 158 to PM Hotel Associates, L.P.**

Pipes instructed or directed one or more employees of Parker NY to have SPG reimbursement requests submitted based on records that did not reflect actual ADR.

**Response to Request No. 158**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 159 to PM Hotel Associates, L.P.**

One or more managers working at the NY Hotel instructed or directed employees working at the NY Hotel to have SPG reimbursement requests submitted based on records that did not reflect actual ADR.

**Response to Request No. 159**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 160 to PM Hotel Associates, L.P.**

Parker NY has changed or altered hotel reservation rates on certain nights of multi-night reservations to increase reimbursements under the SPG Program.

**Response to Request No. 160**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because changed or altered hotel reservation rates has not been alleged in the pleadings.

**Request to Admit No. 161 to PM Hotel Associates, L.P.**

Pipes knew, before April 1, 2013, that one or more employees of Parker NY submitted SPG reimbursement requests that did not reflect actual ADR.

**Response to Request No. 161**

Parker NY repeats and incorporates the foregoing General Objections Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this Request because it is vague and ambiguous with respect to whether "before April 1, 2013" refers to the date Pipes obtained knowledge, the date prior to which the activity occurred, or both.

**Request to Admit No. 162 to PM Hotel Associates, L.P.**

Parker NY has not returned all overpayments in Premium Reimbursement based on SPG Reimbursement requests that did not reflect actual ADR at the NY Hotel.

### Response to Request No. 162

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 142 to Parker Palm Springs LLC**

One or more employees currently working at the Palm Springs Hotel created records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 142

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 143 to Parker Palm Springs LLC**

One or more employees currently working at the Palm Springs Hotel created records that did not reflect actual ADR at the Palm Springs Hotel by changing the room rates charged on individual nights for multi-nights reservations.

### Response to Request No. 143

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 144 to Parker Palm Springs LLC**

One or more employees currently working at the Palm Springs Hotel created records that did not reflect actual ADR at the Palm Springs Hotel in furtherance of an effort to make one or more of the Plaintiffs believe that the ADR on certain nights at the Palm Springs Hotel was higher than it actually was on those nights.

### Response to Request No. 144

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 145 to Parker Palm Springs LLC

One or more employees currently working at the Palm Springs Hotel created ADR records that did not reflect actual ADR at the Palm Springs Hotel in furtherance of an effort to obtain higher Premium Reimbursements.

### Response to Request No. 145

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 146 to Parker Palm Springs LLC

One or more employees currently working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs regarding the ADR at the Palm Springs Hotel, created ADR records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 146

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

## Request to Admit No. 147 to Parker Palm Springs LLC

One or more employees currently working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs into paying higher Premium Reimbursement, created ADR records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 147

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

## Request to Admit No. 148 to Parker Palm Springs LLC

Pipes knew, before April 1, 2013, that employees working at the Palm Springs Hotel created records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 148

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because it is vague and ambiguous with respect to whether "before April 1, 2013" refers to the date Pipes obtained the knowledge, the date prior to which the activity occurred, or both. Parker Palm Springs also objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 149 to Parker Palm Springs LLC

Pipes instructed or directed employees working at the Palm Springs Hotel to create records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 149

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 150 to Parker Palm Springs LLC

One or more managers working at the Palm Springs Hotel instructed or directed employees working at the Palm Springs Hotel to create records that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 150

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## Request to Admit No. 151 to Parker Palm Springs LLC

Pipes instructed or directed employees working at the Palm Springs Hotel to create records that did not reflect actual ADR at the Palm Springs Hotel in furtherance of an effort to obtain higher Premium Reimbursements.

### Response to Request No. 151

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 152 to Parker Palm Springs LLC**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the Palm Springs Hotel, employees working at the Palm Springs Hotel to create records that did not reflect actual ADR at the Palm Springs Hotel.

**Response to Request No. 152**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 158 to Parker Palm Springs LLC**

Pipes instructed or directed one or more employees of Parker Palm Springs to have SPG reimbursement requests submitted based on records that did not reflect actual ADR.

**Response to Request No. 158**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 159 to Parker Palm Springs LLC**

One or more managers working at the Palm Springs Hotel instructed or directed employees working at the Palm Springs Hotel to have SPG reimbursement requests submitted based on records that did not reflect actual ADR.

**Response to Request No. 159**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

**Request to Admit No. 160 to Parker Palm Springs LLC**

Parker Palm Springs has changed or altered hotel reservation rates on certain nights of multi-night reservations to increase reimbursements under the SPG Program.

**Response to Request No. 160**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence because changed or altered hotel reservation rates has not been alleged in the pleadings.

**Request to Admit No. 162 to Parker Palm Springs LLC**

Parker Palm Springs has not returned all overpayments in Premium Reimbursement based on SPG Reimbursement requests that did not reflect actual ADR at the Palm Springs Hotel.

### Response to Request No. 162

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings.

## II.   INTENT REQUESTS

**Request to Admit No. 17 to PM Hotel Associates, L.P.**

Between 2008 and 2012, employees working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the NY Hotel, created occupancy records that did not reflect actual occupancy at the NY Hotel.

### Response to Request No. 17

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker NY objects to this Request to the extent it seeks admissions regarding state of mind of individuals who are not under Parker NY's control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 13 and 14.

**Request to Admit No. 18 to PM Hotel Associates, L.P.**

Between 2008 and 2012, employees working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs into paying Parker NY Premium Reimbursement rather than Base Reimbursement under the SPG Program, created occupancy records that did not reflect actual occupancy at the NY Hotel.

### Response to Request No. 18

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker NY objects to this Request to the extent it seeks admissions regarding state of mind of individuals who are not under Parker NY's control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 16.

**Request to Admit No. 20 to PM Hotel Associates, L.P.**

Between 2008 and 2012, employees working at the NY Hotel, with the intent of defrauding one or more of the Plaintiffs into paying Parker NY increased reimbursement payments under the SPG Program, created occupancy records that did not reflect actual occupancy at the NY Hotel.

### Response to Request No. 20

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "with the intent of defrauding" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker NY objects to this Request to the extent it seeks admissions regarding the state of mind of individuals who are not under Parker NY's control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 16.

**Request to Admit No. 26 to PM Hotel Associates, L.P.**

Pipes, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the NY Hotel, instructed or directed one or more employees working at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 26**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 25.

**Request to Admit No. 27 to PM Hotel Associates, L.P.**

Pipes, with the intent to defraud one or more Plaintiffs, instructed or directed one or more employees working at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 27:**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified and because "with the intent to defraud" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 25.

**Request to Admit No. 33 to PM Hotel Associates, L.P.**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs into paying Parker NY Premium Reimbursement rather than Base Reimbursement under the SPG Program, employees at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 33**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 31.

**Request to Admit No. 46 to PM Hotel Associates, L.P.**

In 2009, one or more employees working at the NY Hotel submitted SPG reimbursement requests that contained false information in furtherance of an effort to defraud one or more Plaintiffs.

**Response to Request No. 46**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "in furtherance of an effort to defraud" seeks admissions as to matters only relevant to claims that have been dismissed and to the extent "false information" is overbroad and ambiguous. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 43.

**Request to Admit No. 50 to PM Hotel Associates, L.P.**

In 2010, one or more employees working at the NY Hotel submitted SPG reimbursement requests that contained false information in furtherance of an effort to defraud one or more Plaintiffs.

**Response to Request No. 50**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "in furtherance of an effort to defraud" seeks admissions as to matters only relevant to claims that have been dismissed and to the extent "false information" is overbroad and ambiguous. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 47.

**Request to Admit No. 54 to PM Hotel Associates, L.P.**

In 2011, one or more employees working at the NY Hotel submitted SPG reimbursement requests that contained false information in furtherance of an effort to defraud one or more Plaintiffs.

**Response to Request No. 54**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "in furtherance of an effort to defraud" seeks admissions as to matters only relevant to claims that have been dismissed and to the extent "false information" is overbroad and ambiguous. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 51.

**Request to Admit No. 58 to PM Hotel Associates, L.P.**

In 2012, one or more employees working at the NY Hotel submitted SPG reimbursement requests that contained false information in furtherance of an effort to defraud one or more Plaintiffs.

**Response to Request No. 58**

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because "in furtherance of an effort to defraud" seeks admissions as to matters only relevant to claims that have been dismissed and to the extent "false information" is overbroad and ambiguous. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 55.

**Request to Admit No. 67 to PM Hotel Associates, L.P.**

One or more employees of Parker NY, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the NY Hotel, submitted SPG reimbursement requests to one or more of Plaintiffs based on occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 67**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified, it is compound and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 39, 43, 47, 51, and 55.

**Request to Admit No. 68 to PM Hotel Associates, L.P.**

One or more employees of Parker NY, with the intent of misleading one or more of the Plaintiffs into paying Parker NY Premium Reimbursement rather than Base Reimbursement under the SPG Program, submitted SPG reimbursement requests to one or more of Plaintiffs based on occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 68**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified, it is compound and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 16, 22, 31, and 65.

**Request to Admit No. 69 to PM Hotel Associates, L.P.**

One or more employees of Parker NY, with the intent of misleading one or more of the Plaintiffs into paying Parker NY increased reimbursement payments under the SPG Program, submitted SPG reimbursement requests to one or more of Plaintiffs based on occupancy records that did not reflect actual occupancy at the NY Hotel.

> **Response to Request No. 69**
>
> Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 16, 20, 22, 31, 65, and 66.

**Request to Admit No. 77 to PM Hotel Associates, L.P.**

Pipes knew, before December 2011, that one or more employees of Parker NY submitted SPG

reimbursement requests to one or more of Plaintiffs, based on occupancy records that did not reflect actual occupancy at the NY Hotel, to mislead one or more Plaintiffs into paying increased reimbursement payments under the SPG Program.

### Response to Request No. 77

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because it is vague and ambiguous with respect to whether "before December 2011" refers to the date upon which Pipes obtained knowledge, the date the activity occurred, or both. Additionally, Parker NY objects to this Request because "to mislead" seeks admissions as to matters only relevant to claims that have been dismissed. In an email dated July 20, 2013, counsel for plaintiffs clarified that this request should be interpreted to inquire "whether, during the time period stated, Pipes had knowledge of the activity described in the language following the word 'that.'" To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 75 and 76.

## Request to Admit No. 78 to PM Hotel Associates, L.P.

Pipes knew, before December 2011, that one or more Parker NY employees submitted SPG reimbursement requests to one or more of Plaintiffs, based on occupancy records that did not reflect actual occupancy at the NY Hotel, to mislead one or more Plaintiffs into paying Premium Reimbursement instead of Base Reimbursement under the SPG Program.

### Response to Request No. 78

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because it is vague and ambiguous with respect to whether "before December 2011" refers to the date upon which Pipes obtained knowledge, the date the activity occurred, or both. Additionally, Parker NY objects to this Request because "to mislead" seeks admissions as to matters only relevant to claims that have been dismissed. In an email dated July 20, 2013, counsel for plaintiffs clarified that this request should be interpreted to inquire "whether, during the time period stated, Pipes had knowledge of the activity described in the language following the word 'that.'" To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 75 and 76.

## Request to Admit No. 146 to PM Hotel Associates, L.P.

One or more employees currently working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs regarding the ADR at the NY Hotel, created ADR records that did not reflect actual ADR at the NY Hotel.

### Response to Request No. 146

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings

and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 147 to PM Hotel Associates, L.P.**

One or more employees currently working at the NY Hotel, with the intent of misleading one or more of the Plaintiffs into paying higher Premium Reimbursement, created ADR records that did not reflect actual ADR at the NY Hotel.

### Response to Request No. 147

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 152 to PM Hotel Associates, L.P.**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the NY Hotel, employees working at the NY Hotel to create records that did not reflect actual ADR at the NY Hotel.

### Response to Request No. 152

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 157 to PM Hotel Associates, L.P.**

One or more employees of Parker NY, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the NY Hotel, submitted SPG reimbursement requests that did not reflect the actual ADR at the NY Hotel.

### Response to Request No. 157

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings. Additionally, Parker NY objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 17 to Parker Palm Springs LLC**

Between 2008 and 2012, employees working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the Palm Springs Hotel, created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

 **Response to Request No. 17**

 Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker Palm Springs objects to this Request to the extent it seeks admissions regarding state of mind of individuals who are not under Parker Palm Springs' control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request Nos. 13 and 14.

**Request to Admit No. 18 to Parker Palm Springs LLC**

Between 2008 and 2012, employees working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs into paying Parker Palm Springs Premium Reimbursement rather than Base Reimbursement under the SPG Program, created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

 **Response to Request No. 18**

 Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker Palm Springs objects to this Request to the extent it seeks admissions regarding state of mind of individuals who are not under Parker Palm Springs' control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 16.

**Request to Admit No. 19 to Parker Palm Springs LLC**

Between 2008 and 2012, employees working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs into paying Parker Palm Springs increased reimbursement payments under the SPG Program, created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

 **Response to Request No. 19**

 Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker Palm Springs objects to this Request to the extent it seeks admissions regarding state of mind of individuals who are not under Parker Palm Springs' control. To the extent that

this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 16.

**Request to Admit No. 20 to Parker Palm Springs LLC**

Between 2008 and 2012, employees working at the Palm Springs Hotel, with the intent of defrauding one or more of the Plaintiffs into paying Parker Palm Springs increased reimbursement payments under the SPG Program, created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

### Response to Request No. 20

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because "with the intent of defrauding" seeks admissions as to matters only relevant to claims that have been dismissed. Additionally, Parker Palm Springs objects to this Request to the extent it seeks admissions regarding the state of mind of individuals who are not under Parker Palm Springs' control. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 16

**Request to Admit No. 26 to Parker Palm Springs LLC**

Pipes, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the Palm Springs Hotel, instructed or directed one or more employees working at the Palm Springs Hotel to create occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

### Response to Request No. 26

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because no time period is specified and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 25.

**Request to Admit No. 27 to Parker Palm Springs LLC**

Pipes, with the intent to defraud one or more Plaintiffs, instructed or directed one or more employees working at the Palm Springs Hotel to create occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

### Response to Request No. 27

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because no time period is specified and because "with the intent to defraud" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 25.

**Request to Admit No. 33 to Parker Palm Springs LLC**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs into paying Parker Palm Springs Premium Reimbursement rather than Base Reimbursement under the SPG Program, employees at the Palm Springs Hotel to create occupancy records that did not reflect actual occupancy at the Palm Springs Hotel.

    **Response to Request No. 33**

    Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because no time period is specified and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 31.

**Request to Admit No. 83 to Parker Palm Springs LLC**

Pipes instructed or directed one ore [sic] more employees of Parker Palm Springs to have SPG reimbursement requests submitted to one or more of Plaintiffs, based on occupancy records that did not reflect actual occupancy at the Palm Springs Hotel, to mislead one or more Plaintiffs into paying increased reimbursement payments under the SPG Program.

    **Response to Request No. 83**

    Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because no time period is specified, it is compound and because "to mislead" seeks admissions as to matters only relevant to claims that have been dismissed. To the extent that this Request is not otherwise objectionable and improper, the information sought is duplicative of Request No. 81.

**Request to Admit No. 146 to Parker Palm Springs LLC**

One or more employees currently working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs regarding the ADR at the Palm Springs Hotel, created ADR records that did not reflect actual ADR at the Palm Springs Hotel.

    **Response to Request No. 146**

    Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 147 to Parker Palm Springs LLC**

One or more employees currently working at the Palm Springs Hotel, with the intent of misleading one or more of the Plaintiffs into paying higher Premium Reimbursement, created ADR records that did not reflect actual ADR at the Palm Springs Hotel.

**Response to Request No. 147**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

**Request to Admit No. 152 to Parker Palm Springs LLC**

Pipes instructed or directed, with the intent of misleading one or more of the Plaintiffs regarding the ADR rate at the Palm Springs Hotel, employees working at the Palm Springs Hotel to create records that did not reflect actual ADR at the Palm Springs Hotel.

**Response to Request No. 152**

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because improperly reported ADR has not been alleged in the pleadings and because "with the intent of misleading" seeks admissions as to matters only relevant to claims that have been dismissed.

## III.  PAYMENT/DAMAGES DISCOVERY

### Interrogatory No. 5 to Parker

Provide a detailed calculation to support the assertion that Plaintiffs "have been reimbursed for substantially all of [their] purported damages"[1] by the payment of $1,004,653 by Defendants, which should include (i) the date of any day in which the occupancy rate at the NY Hotel or Palm Springs Hotel was 95% or more as a result of fictitious bookings, (ii) a statement of the number of fictitious bookings made by any present or former employee of any Defendant for each day in which the occupancy rate at the NY Hotel or Palm Springs Hotel was 95% or more as a result of fictitious bookings (iii) the number of days at the NY Hotel or Palm Springs Hotel when the occupancy rate was 95% or more as a result of fictitious bookings, (iv) the amount of premium SPG reimbursement sought and obtained as a result of fictitious bookings, (v) the amount of additional gross revenue obtained by Defendants as a result of the fictitious bookings, (vi) and the amount and calculation of any interest included in the $1,004,653 payment.

#### Objection & Response to Interrogatory No. 5

In addition to the General Objections set forth above, Defendants object to Interrogatory No. 5 on the grounds that it is impermissible pursuant to Local Rule 33.3, seeks to impose on Defendants broader discovery obligations than are required under the Federal Rules and the Local Rules. Defendants further object to Interrogatory No. 5 to the extent it seeks information that Plaintiffs have greater or equal access to and to the extent this Request seeks information subject to and protected by the attorney-client privilege and/or attorney work-product doctrine.

### Document Request No. 41 to Parker

All documents concerning the payment of $1,004,653 by any Defendant on or about December 27, 2012, including all documents relied upon in calculating the amount of that payment, related to the calculation of that payment, or establishing that this payment compensates any Plaintiff for substantially all of the purported damages.

#### Objection & Response to Document Request No. 41

Defendants object to Request No. 41 on the grounds that it is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object to this Document Request to the extent it seeks documents not within Defendants' possession, custody, or control, or to which Plaintiffs have greater or equal access. Defendants further object to this Request to the extent this Request seeks information subject to and protected by the attorney-client privilege and/or attorney work-product doctrine and is derived from information the Plaintiffs previously agreed to use for settlement purposes only.

## IV.  INSTANCES IN WHICH PARKER Redacted Pursuant to Protective Order

**Request to Admit No. 16 to PM Hotel Associates, L.P.**

Between 2008 and 2012, employees working at the NY Hotel created occupancy records that did not reflect actual occupancy at the NY Hotel in furtherance of an effort by one or more employees at the NY Hotel to obtain Premium Reimbursements rather than Base Reimbursements under the SPG Program.

### Response to Request No. 16

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request to the extent it is overbroad by referring to all employees working at the NY Hotel or all dates between 2008 and 2012. Subject to and without waiving the foregoing specific and General Objections. Redacted Pursuant to Protective Order

**Request to Admit No. 31 to PM Hotel Associates, L.P.**

Pipes instructed or directed one or more employees working at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel in furtherance of an effort to obtain Premium Reimbursements rather than Base Reimbursements under the SPG Program.

### Response to Request No. 31

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified and to the extent it is duplicative of Request Nos. 16 and 22. Subject to and without waiving the foregoing specific and General Objections. Redacted Pursuant to Protective Order

**Request to Admit No. 64 to PM Hotel Associates, L.P.**

One or more Parker NY employees submitted SPG reimbursement requests based on occupancy records that did not reflect actual occupancy at the NY Hotel in furtherance of an effort by one or more employees of the Parker NY to make one or more of the Plaintiffs believe that the occupancy rate at the NY Hotel was 95% or higher on days when in fact the occupancy rate was not at or above 95%.

### Response to Request No. 64

Parker NY repeats and incorporates the foregoing General Objections. Parker NY further objects to this Request because no time period is specified. Additionally, Parker NY objects to this Request to the extent it seeks irrelevant information concerning occupancy generally as opposed to SPG Occupancy and to the extent it is duplicative of Request Nos. 15, 21, and

30. Subject to and without waiving the foregoing specific and General Objections,



## Request to Admit No. 16 to Parker Palm Springs LLC

Between 2008 and 2012, employees working at the Palm Springs Hotel created occupancy records that did not reflect actual occupancy at the Palm Springs Hotel in furtherance of an effort by one or more employees at the Palm Springs Hotel to obtain Premium Reimbursements rather than Base Reimbursements under the SPG Program.

### Response to Request No. 16

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request to the extent it is overbroad by referring to all employees working at the Palm Springs Hotel or all dates between 2008 and 2012. Subject to and without waiving the foregoing specific and General Objections,



## Request to Admit No. 31 to Parker Palm Springs LLC

Pipes instructed or directed one or more employees working at the Palm Springs Hotel to create occupancy records that did not reflect actual occupancy at the Palm Springs Hotel in furtherance of an effort to obtain Premium Reimbursements rather than Base Reimbursements under the SPG Program.

### Response to Request No. 31

Parker Palm Springs repeats and incorporates the foregoing General Objections. Parker Palm Springs further objects to this Request because no time period is specified and to the extent it is duplicative of Request Nos. 16 and 22. Subject to and without waiving the foregoing specific and General Objections, Redacted Pursuant to Protective Order



28