July 26, 2013

**BY ELECTRONIC MAIL**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
**ForrestNYSDChambers@nysd.uscourts.gov**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/1/13
```

Re:   *Starwood Hotels & Resorts Worldwide, Inc., et al. v.*
      *PM Hotel Assocs., L.P., et al.*, Case No. 13 Civ. 38 (KBF) (JLC)

Dear Judge Forrest:

   Pursuant to Your order of July 11, 2013 (the "July 11 Order"), this joint letter is
submitted by plaintiffs Starwood Hotels & Resorts Worldwide, Inc., Starwood (M)
International, Inc., and Preferred Guest, Inc. (collectively, "Starwood") and defendants PM
Hotel Associates, L.P. and Parker Palm Springs LLC (together, "Parker," and with Starwood, the
"Parties"). As reflected in the July 11 Order, we write to update the Court on the status of this
matter and, specifically, the progress of discovery, as well as the Parties' view of the current trial
date's feasibility.

## BACKGROUND

   Starwood commenced this action with a complaint filed January 2, 2013 stating causes of
action for i) declaratory judgment seeking the right to terminate two agreements pursuant to
which Parker licensed the Starwood-owned Meridien hotel brand at two hotels in New York and
Palm Springs, California (the "Licenses"); ii) breach of the Licenses; iii) fraud; and iv) unjust
enrichment. Parker moved to dismiss the complaint on February 26, 2013. Starwood opposed
Parker's motion, and on May 1, 2013, Your Honor dismissed Starwood's claims for fraud and
unjust enrichment, held that the Court has diversity jurisdiction and denied the remaining parts of
Parker's motion. Parker answered the complaint on May 15, 2013 and asserted affirmative
defenses.

   On May 1, 2013, the Court held a hearing on Parker's motion to dismiss the complaint
and an initial pretrial conference (the "Hearing"). At the Hearing, Your Honor proposed a trial
date of February 10, 2014. Ex. 1 (Hearing Tr. at 42:24-43:1), and Parker expressed concern that
the proposed trial date of February 10, 2014 might not be workable because of Parker's
contention that significant third-party discovery is necessary. Ex. 1 (Hearing Tr. at 45:11-46:9.)
At the Hearing and in a May 1, 2013 scheduling order (the "Scheduling Order"), Your Honor set
a schedule for discovery and trial, and a status conference for today, July 26, 2013. At the
hearing and in the Scheduling Order Your Honor noted that the Court would  "revisit [the] trial
date . . . because of third-party discovery" at the status conference. Ex. 1 (Hearing Tr. at 46:11-
47:16); Scheduling Order at 1-2.

Hon. Katherine B. Forrest
July 26, 2013
Page 2

Your Honor set the following schedule at the Hearing:  October 25, 2013 for the close of
fact discovery; November 22, 2013 for the close of expert discovery and submission of summary
judgment moving briefs; December 23, 2013 for the submission of summary judgment
opposition briefs; January 6, 2014 for the submission of summary judgment reply briefs; and
February 10, 2014 for the start of a one week trial on remaining issues. Ex. 1 (Hearing Tr. at
46:11-17.)  On May 13, 2013, Your Honor endorsed a joint letter from the Parties changing the
submission of summary judgment reply briefing to January 13, 2014.  In the July 11 Order, Your
Honor requested that the Parties submit this joint letter in lieu of the status conference.

## THE PARTIES' DISCOVERY EFFORTS TO DATE

### A.   Party Discovery

Between April 4, 2013 and July 19, 2013, the Parties served discovery requests,
responses and objections on each other as recounted below.

- April 4, 2013 – Plaintiffs' Interrogatories and Document Requests
- April 26, 2013 – Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) depositions of
  Defendants, and Notices of Depositions of Steven Pipes and Adam Glick
- May 6, 2013 – Defendants' Interrogatories and Requests for Production
- May 15, 2013 – Defendants' Objections & Responses to Plaintiffs'
  Interrogatories and Document Requests
- May 31, 2013 – Plaintiffs' Requests to Admit
- May 31, 2013 - Defendants' Objections & Responses to Plaintiffs' Rule
  30(b)(6) Deposition Notices
- June 7, 2013 – Plaintiffs' Objections and Responses to Defendants'
  Interrogatories and Requests for Production
- July 15, 2013 - Defendants' Responses and Objections to Plaintiffs' Requests
  to Admit

The Parties agreed to schedule depositions after document productions had commenced.

The Parties have been negotiating in good faith to reach agreement on the scope of
outstanding discovery requests.  The Parties held telephonic meet and confers on June 17 and
19, 2013, an in-person meet and confer on July 16, 2013, and follow-up phone calls on July
17, 18, and 19, 2013.  The Parties either agreed on or responded to numerous discovery
requests, but reached an impasse with respect to other issues, and on Tuesday, July 23, 2013,
pursuant to Section 2.F.v of Your Individual Practice, made simultaneous motions to compel
responses to their disputed discovery and expect to submit responses to the respective
motions today.  The Parties respectfully refer the Court to those letter motions.

Hon. Katherine B. Forrest
July 26, 2013
Page 3

**B.**   <u>**Third Party Discovery**</u>

Between April 26, 2013 and June 14, 2013, the Parties served third party subpoenas and received objections as recounted below.

- April 26, 2013 – Plaintiffs' subpoenas duces tecum and ad testificandum to Maurizio Bonivento and Anne Marie Lachmeyer

- May 14, 2013 – Defendants' subpoenas duces tecum and ad testificandum Maurizio Bonivento, Anne Marie Lachmeyer, and Thomas Meding

- May 29, 2013 – Defendants' subpoenas duces tecum to 17 owners of more than 75 hotels in the SPG Program (the "Subpoenaed Third-Party Hotels")

- June 3, 2013 – Plaintiffs' letter objecting to Defendants' subpoenas to hotel owners

- June 6, 2013 – Defendants' letter responding to Plaintiffs' June 3, 2013 letter

- June 7, 2013 through June 14, 2013 – Subpoenaed Third-Party Hotels' objections received in response to Defendants' subpoenas

- July 25, 2013 – Plaintiffs' subpoena duces tecum and ad testificandum to Thomas Meding

The Subpoenaed Third-Party Hotels objected to Parker's subpoenas on, among other grounds, relevance and that Starwood has access to such information. Starwood also contends that information from other hotels in the SPG Program, including the Subpoenaed Third-Party Hotels, is irrelevant to this action and has refused to produce any discovery on that issue. Parker contends that such information is critical to its defenses, and that Starwood has access to such information at the Subpoenaed Third-Party Hotels and other hotels in the SPG Program. Whether this information is relevant is a subject of Parker's and Starwood's motions to compel.

**C.**   <u>**Trial Date**</u>

The Parties do not agree on the feasibility of the current trial date. Parker respectfully requests that, in light of the pending disputes over the relevance of and Starwood's access to information and data concerning other hotels' occupancy practices, the Court adjourn the current trial date of February 10, 2014 and set another status conference in three months to revisit the issue.

Hon. Katherine B. Forrest
July 26, 2013
Page 4

Starwood contends that information from other hotels in the SPG Program, including information from the Subpoenaed Third-Party Hotels, is irrelevant, and subject to future developments, submits that the Scheduling Order should remain as is.

Respectfully,

_Noah M. Weissman /cTB_      _Marc E. Kasowitz /cTB_

Noah M. Weissman            Marc E. Kasowitz
Counsel for Starwood         Counsel for Parker

Enclosure

cc:     Counsel of Record (*via electronic mail*) (*with enclosures*)

# In The Matter Of:

*STARWOOD HOTELS & RESORTS v*
*PM HOTEL ASSOCIATES, L.P., et*

---

*May 1, 2013*

---

*SOUTHERN DISTRICT REPORTERS*
*500 PEARL STREET*
*NEW YORK, NY 10007*
*212 805-0330*

Original File d512staa.txt

**Min-U-Script® with Word Index**

Pages 1 through 40 Intentionally Omitted

d512staa                                                                      Page 41

1 order that will sort of come out and your time to move for
2 reconsideration, though you should judge if you are going to
3 move for reconsideration, I'm not suggesting you should or that
4 it holds out much hope, but your time will be -- you should
5 count from today because that order will go up on ECF today.
6        You are standing up.
7        MR. WEISSMAN: Yes, your Honor.  I just wanted to make
8 sure, and make sure I clarified, on the indemnity piece, your
9 Honor --
10       THE COURT: When you say indemnity, which of the four
11 causes of action are you talking about?
12       MR. WEISSMAN: We believe it is subsumed in the breach
13 of contract.  There is a contractual indemnity provision. I
14 will be more than forthcoming in saying that it is not clearly
15 elucidated. I think at this point it is very clear that that
16 is part of the claim. We did ask for attorney's fees, but we
17 wanted to make sure, to the extent the court thought that we
18 should amend the complaint to more clearly state an indemnity
19 claim, we will.
20       THE COURT: Why don't you folks chat about that in
21 terms of whether or not Mr. Kasowitz is going to think that
22 that's going to be required or not to more clearly state an
23 indemnity claim.  There is a provision at the end, I presume,
24 in your case saying any other further and just relief that the
25 court deems proper, so it gives me a lot of leeway down the

d512staa                                                                      Page 42

1 road.
2        MR. WEISSMAN: Okay.
3        THE COURT: So I wouldn't think it would be necessary.
4 But if you folks disagree as to that, somebody has a strong
5 belief and wants to submit a letter to the court, I will take
6 that in a letter application one way or another.
7        MR. WEISSMAN: At this point, your Honor, we have
8 nothing to say about that.
9        THE COURT: I went through your schedule.
10 To the folks who are waiting for the next conference,
11 you won't have to wait that long.  We are getting towards the
12 end of this, and I apologize for making you wait.
13 The schedule looks fine.  Of course it does, because
14 it followed my tracking rules more or less.  Let me ask you
15 folks, is it okay with you?  Because my goal would be to, after
16 you have briefed summary judgment and you have narrowed this
17 case in whole or in part, to set a trial date.  So we wouldn't
18 set the trial date after, we would set it at our next
19 conference and probably sometime, the trial date would be
20 sometime in late January/early February.  And what we would do,
21 and perhaps we should probably just set that now.  I will tell
22 you how I work from it.  Joe, the 10th of February?
23       THE DEPUTY CLERK: Yes.
24       THE COURT: February 10, that would be the trial.  So
25 2/10/14, and I would put you down for a week until we decide

d512staa                                                                      Page 43

1 that it is more complicated than that.
2        And let me tell you sort of how it works for me in
3 terms of how I practice here.  The time frames are all geared
4 backwards from the February 10th time frame.  So, for instance,
5 let's assume that you have got a witness or two or three whose
6 deposition you can't take right away, but they are not
7 necessary for expert discovery and not necessary for summary
8 judgment, that you folks agree, I don't care if you agree
9 between the two of you, if you both agree, to slop that person
10 over, okay?
11       I do care if you don't agree.  In which case the
12 discovery deadline will be the discovery deadline and the
13 expert deadline will be the expert deadline.  But if you need
14 more time, for instance, for summary judgment and you decide
15 that you want to have more time to brief and you write a letter
16 saying -- this is the key phrase, "if it won't change the trial
17 date" and you otherwise adjust certain dates, I am very likely
18 to grant it.  It is when you start adjusting the trial date
19 that I really want to have more explanation about why things
20 can't be done within that overall time frame.  So it is really
21 a now to February time frame if you think of it that way.  But
22 I want to make sure that you are able to brief summary
23 judgment.
24 For Mr. Kasowitz, who has made some statements about
25 summary judgment earlier, let me say that I take motions at the

d512staa                                                                      Page 44

1 present time on any topic.  So you can move for summary
2 judgment three times.  Don't overuse that.  But if there is
3 some way of narrowing something and you want to get somebody
4 out or something out of the case or to narrow an issue, bring
5 on a motion.  You need not wait until the summary judgment
6 period is brought on, and it would follow the normal local
7 rules unless you folks submit a letter to me.  So any motions
8 can be brought at any time.
9 Discovery motions are brought on solely by letter.  I
10 will hold on to this case all the way through to the end for
11 all purposes except for settlement.  If you ever have
12 settlement discussions and you want somebody to help you with
13 that, that would go to the magistrate or mediator.  It wouldn't
14 come to me.  But discovery issues, meet and confer, three
15 pages, letter, three days, three pages.  Your letterhead, your
16 signature block don't count.  I have my "Don't mess with
17 Friday" rule.  Don't save all your discovery letters for Friday
18 afternoon.  That will ruin people's weekend.  So if you get it
19 on Friday, you can wait until Monday to open up the e-mail.
20 Don't even open it.  Don't even bother to make yourself crazy.
21 But Friday is Friday.  Thursday is Thursday.  So if somebody
22 wants to game the system, they serve it Thursday night.  I tell
23 that you because people ask.  So three pages, three days, three
24 pages.
25 If you have a problem in a deposition, call me.  Don't

STARWOOD HOTELS & RESORTS v
PM HOTEL ASSOCIATES, L.P., et

May 1, 2013

| d512staa | Page 45 |
| --- | --- |

1  wait and say, I now need another seven hours because the person
2  wouldn't answer any questions in a straight way he or she just
3  kept giving speeches. Call me so that you have made your
4  record. Make your record. Give them a chance to try to clean
5  it up, and then call me and I will either give a ruling to my
6  clerk from the bench or I will get off the bench.
7      Mr. Weissman, when I said is the schedule workable,
8  with that guidance, is it workable?
9      MR. WEISSMAN: Yes.
10      THE COURT: Mr. Kasowitz?
11      MR. KASOWITZ: I'm not sure if it is workable, your
12  Honor with respect to one issue. There is going to be some
13  significant third-party discovery here on several issues
14  including, among other things, facts relating to the fact that
15  this program was implemented at Parker Meridian by Starwood
16  employees who came to the Parker Meridian who said that this
17  was the way that Starwood did it and then went back to
18  Starwood. And we will establish through discovery that this is
19  a practice that currently is ongoing at numerous other Starwood
20  hotels. The concern that I have here, your Honor, is that --
21  and we are not -- we will not depose representatives of each
22  other Starwood Hotel. There are too many of them. But we will
23  do enough so as to demonstrate, among other things, why there
24  is no incurable breach here, among many other things. So
25  that's why I am concerned about the trial date.

| d512staa | Page 46 |
| --- | --- |

1      THE COURT: The trial date.
2      MR. KASOWITZ: That's the only concern I have about
3  the trial date.
4      THE COURT: Let me do this. I have just adjusted the
5  schedules a little bit. We will set another status conference
6  down, and you can talk to me about what you have done and how
7  things are progressing. So we will do one more shot at the
8  trial date, and then we are going to land on a final trial
9  date, okay?
10      MR. KASOWITZ: Thank you, your Honor.
11      THE COURT: But, in the meantime, I have adjusted
12  things so it is October 25 for the close of fact discovery,
13  November 22 for the close of expert discovery. I will put this
14  up on ECF so you don't have to write it all down, then the
15  briefing triggers off that. It would be November 22, December
16  23, and January 6. That would still keep the trial date of
17  2/10.
18      Now, I will make a note to myself, "Revisit trial date
19  at the next conference because of third-party discovery." So
20  just be prepared to explain that you have made whatever efforts
21  it is that you are making, whatever the efforts are that you
22  are making and how you are putting your shoulder to the wheel
23  and it is not working or why you need more time. So map out
24  your case now. Don't wait to start some of that third-party
25  discovery. Start taking it now and map out the whole thing,

| d512staa | Page 47 |
| --- | --- |

1  obviously, as you would. The hardest issue for me is when
2  people really don't prosecute the case or do much really until
3  the very end and then come in for more time.
4      Okay. Let's set another status conference. Why don't
5  we pick something in July? We will pick a date. If you are
6  going on vacation, let me know. It is not a problem. We will
7  pick a different date.
8      THE DEPUTY CLERK: July 26, Friday, at 9 a.m.
9      THE COURT: Does that work?
10      MR. KASOWITZ: Good for the defendants, your Honor.
11      MR. WEISSMAN: Good for the plaintiffs, your Honor.
12      THE COURT: So the 26th, 7/26. At what time?
13      THE DEPUTY CLERK: 9:00.
14      THE COURT: At 9 a.m.
15      I will put a little asterisk, "trial date discussion."
16  But a rolling stone collects no moss.
17      We are adjourned. Thank you.
18      MR. WEISSMAN: Thank you, your Honor.
19      MR. KASOWITZ: Thank you.
20              - - -
21
22
23
24
25