# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

July 26, 2013

**BY ELECTRONIC MAIL**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
ForrestNYSDChambers@nysd.uscourts.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/13

Re: *Starwood Hotels & Resorts Worldwide, Inc., et al. v. PM Hotel Assocs., L.P., et al.*, Case No. 13 Civ. 38 (KBF) (JLC)

Dear Judge Forrest:

We represent defendants PM Hotel Associates, L.P. and Parker Palm Springs LLC (together, "Parker") and write in response to the July 23, 2013 letter ("Starwood's Letter" or "Ltr.")[1] of plaintiffs Starwood Hotels & Resorts Worldwide, Inc., Starwood (M) International, Inc., and Preferred Guest, Inc. (collectively, "Starwood") seeking to compel Parker to respond to certain of their 340 requests for admission ("RFAs"), 47 requests for production ("RFPs") and 5 interrogatories. As shown below, Starwood's requested discovery is overbroad and unduly burdensome, and the relief Starwood requests should be denied.

I. **Starwood Is Not Entitled To Discovery Concerning ADR.**

Before Starwood commenced this action, it raised concerns about the alleged manipulation of occupancy at the Parker Meridien hotels in violation of its SPG Program. In response, Parker hired a nationally-recognized forensic accounting firm, investigated those claims, and reimbursed Starwood for all overpayments it had identified. Rather than accepting this compensation, Starwood brought this lawsuit as a pretext to renegotiate or terminate longstanding, but unfavorable, license agreements which pre-existed the SPG Program. Now, Starwood is doubling down by claiming it should be allowed to take discovery concerning unsubstantiated assertions not included in the Complaint that Parker artificially inflated average daily rates. Starwood's Complaint alleges no breach of contract claim based on the purported falsification of ADR.[2] In fact, to date, Starwood has never explained how Parker allegedly

---

[1] Capitalized terms not defined herein have the same meaning as in Starwood's Letter.
[2] Unlike the case cited by Starwood, *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 24 (D. Conn. 2003) -- where the court emphasized the broad nature of a securities claim in determining relevance, *see* Ltr. at 2 -- here, Starwood asserts a breach of contract without specifying the provisions upon which liability is based, which is insufficient

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Katherine B. Forrest
July 26, 2013
Page 2

manipulated ADR in violation of any specific contract provision. If Parker's conduct does not constitute a breach of any contract, it has no bearing on the "nature and extent" of any breach as Starwood contends, *see* Ltr. at 3, and Starwood has failed to meet its burden of demonstrating that the discovery it seeks is relevant. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010) (burden on party seeking discovery). Moreover, requiring Parker to produce all ADR information in its possession would be unduly burdensome because, as a result of the unspecified nature of the discovery sought, Parker would have to produce every piece of information about the setting of room rates.

In addition, Starwood's attempt to discover facts concerning purported ADR manipulation through 48 separate RFAs is an improper use of Federal Rule of Civil Procedure 36. Requests for admissions are not a discovery device but are intended to seek admissions regarding issues that are not truly disputed. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also Siani v. SUNY Farmingdale*, 09 Civ. 407, 2009 WL 3254924, at *1 (E.D.N.Y. Oct. 7, 2009). Because, as described above, Starwood has not stated a contract claim based on manipulation of ADR nor identified any contract provision it claims was breached, Starwood cannot compel answers to RFAs relating to an issue that is not in this case and would be disputed if it was.

## II. Starwood Cannot Seek Admissions Concerning Intent.

Starwood's Intent Requests, which seek admissions that Parker employees and certain named individuals acted with the intent to defraud or intent to mislead, are equally improper.

"Intent to defraud" and "intent to mislead" are quintessential legal conclusions. *See Meier v. Levinson,* 91 Civ. 5119, 1992 WL 473974, at *1 (S.D.N.Y. Apr. 13, 1992), *aff'd,* 993 F.2d 1534 (2d Cir. 1993); *see also Lippe v. Bairnco Corp.*, 96 Civ. 7600, 2002 WL 15630, at *2 (S.D.N.Y. Jan. 7, 2002). It is black letter law that a responding party is not required to answer RFAs seeking legal conclusions. *See, e.g., Samborski v. Linear Abatement Corp.*, 96 Civ. 1405, 1997 WL 55949, at *1 (S.D.N.Y. Feb. 11, 1997). Moreover, the Intent RFAs do not -- as Starwood contends -- merely seek an application of law to facts. *See* Ltr. at 3. Rather, Starwood's Intent RFAs verbatim repeat other RFAs, and improperly append "with the intent to defraud" or "with the intent to mislead" to these already-admitted facts.[3] *See Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 554 (D.N.M. 2011) (it is "inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts") (collecting cases); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432-33 (S.D.N.Y. 2012) ("although [] legal conclusions may logically follow from the facts as admitted," requests for admissions that "ask defendants to

---

under the notice pleading standard. *See, e.g., Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp. 2d 155, 183 (S.D.N.Y. 2009).

[3] *Compare, e.g.,* Parker NY RFA No. 25 ("Pipes instructed or directed one or more employees working at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel.") *with* Parker NY RFA No. 26 ("Pipes, with the intent of misleading one or more of the Plaintiffs regarding the occupancy rate at the NY Hotel, instructed or directed one or more employees working at the NY Hotel to create occupancy records that did not reflect actual occupancy at the NY Hotel").

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Katherine B. Forrest
July 26, 2013
Page 3

admit to legal conclusions" are improper).

The Intent Requests also seek admissions concerning the intent required to prove fraud -- a claim that has been dismissed by this Court. Where, as here, requests for admissions relate solely to a dismissed claim, they need not be answered. *See, e.g., Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.*, 759 F. Supp. 1039, 1047 (S.D.N.Y. 1991) (discovery requests including requests for admissions properly objected to when they pertain solely to dismissed claims). While Starwood argues that the Intent Requests seek information that is nonetheless relevant to other claims, they cite no authority for the proposition that intent to defraud or mislead --as opposed to the type and extent of the breach -- is a factor in determining whether there is an incurable breach of a contract. *See* Ltr. at 3 (citing *Blue Bell, Inc. v. W. Glove Works, Ltd.*, 816 F. Supp. 236, 243 (S.D.N.Y. 1993)).

### III. Starwood's Discovery Concerning Parker's Defense of Payment.

Starwood misleadingly asserts that "Parker refuses to provide Starwood with any calculation or documents in connection with Parker's affirmative defense [of payment]." Ltr. at 3. That is not so.

During the meet and confer process, Parker agreed to produce certain documents responsive to RFP No. 41 -- which seeks documents concerning Parker's defense of payment -- and also agreed that any documents withheld on the basis of attorney-client privilege or attorney work product would be included on a privilege log. If Starwood's claim is that Parker is not entitled to assert these privileges and protections, its purported objection is premature. *See Evanston Ins. Co. v. OEA, Inc.*, 02 Civ. 1505, 2006 WL 1192737, at *4 (S.D.N.Y. May 4, 2006) (where privilege was not yet asserted with respect to a particular document, it was premature to consider whether such privilege attached); *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 1344 (S.D.N.Y. 2002) (disputed assertions of privilege not "ripe for consideration" until the privilege asserted at deposition or on privilege log).

Starwood also propounded an interrogatory seeking information concerning the calculation underlying Parker's defense of payment. Under Local Rule 33.3(a), this request is improper. Rule 33.3(a) specifically limits the type of interrogatories permitted at the commencement of discovery. The permissible categories include interrogatories seeking "the computation of *each category of damage alleged*" not -- as Starwood asserts -- any computation or calculation being used as a defense.[4] Ltr. at 3. An interrogatory seeking the basis of a calculation supporting a defense is not a "category of damage alleged" and is not within the ambit of the plain language of Rule 33.3(a). Parker should not be required to respond to this interrogatory at this time. *See Pegoraro v. Marrero*, 281 F.R.D. 122, 131 (S.D.N.Y. 2012) (defendants were not required to respond to interrogatories that did not fall within the categories of Rule 33.3(a)).

---

[4] Starwood's reliance on Rule 33.3(b) is misplaced. It does not apply where, as here, discovery is in its initial stages. Further, even if Rule 33.3(b) did apply, an interrogatory would not be the more practicable method of obtaining the requested information. Indeed, as discussed above, Starwood has requested documents concerning the basis of Parker's defense of payment in RFP No. 41. There is no reason why the documents responsive to RFP No. 41 will not provide Starwood with adequate information concerning this defense.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Katherine B. Forrest
July 26, 2013
Page 4

### IV. Parker Has Agreed To The Relevant Date Range Proposed By Starwood, With A Reasonable Exception.

With respect to the date range applicable to the production of documents and information, Starwood again misdescribes the dispute between the parties. Parker has not, as Starwood alleges, "refuse[d] to produce documents or information post-dating January 27, 2012." Ltr. at 4.

Rather, because Starwood has direct access to the Parker reservation system -- including reservation data post-dating January 27, 2012 -- it already has most of the discovery it seeks for the period after January 27, 2012. This access was confirmed by a Starwood information technology professional, Christian Burkett, on a conference call on July 18, 2013. Indeed, if Starwood were truly concerned that the conduct alleged in the Complaint continued after January 27, 2012 -- and does not wish to "rely merely on counsel's representation" that it has stopped, Ltr. at 1-2 -- Starwood can easily access the data in Parker's reservation system to verify all reservation data contained thereon for any night since January 27, 2012.

Moreover, during the meet and confer, with respect to the RFPs for which Parker has agreed to produce documents, subject to its objections and applicable privileges and protections, Parker agreed to produce emails post-dating January 27, 2012.

Indeed, the only category of data for which Parker has imposed a shorter date range is user files residing on Parker's servers. It is burdensome to require collection, processing and review of these documents beyond January 27, 2012, given the extremely small likelihood that these documents will contain relevant information.

Respectfully,

Marc E. Kasowitz

cc:   Counsel of Record (*via electronic mail*)