KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

September 16, 2013

**BY ELECTRONIC MAIL & HAND DELIVERY**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312
**ForrestNYSDChambers@nysd.uscourts.gov**

**FILED UNDER SEAL**

Re:  *Starwood Hotels & Resorts Worldwide, Inc., et al. v.*
*PM Hotel Assocs., L.P., et al.*, Case No. 13 Civ. 38 (KBF) (JLC)

Dear Judge Forrest:

We represent defendants PM Hotel Associates, L.P. and Parker Palm Springs LLC (together, "Parker"). I write concerning two issues that were discussed at the September 10, 2013 conference: (i) certain documents that Starwood Hotels & Resorts Worldwide, Inc., Starwood (M) International, Inc. and Preferred Guest, Inc. (together, "Starwood") designated as confidential on which Parker intends to rely in its amended answer; and (ii) discovery concerning the misreporting of occupancy at other hotels participating in the Starwood Preferred Guest program ("SPG Hotels").[1]

**I.    Confidentiality of Documents Supporting Parker's Amended Answer.**

REDACTED - CONFIDENTIAL

Specifically, the document bearing Bates No. SW0011314 (*see* Ex. A) establishes that, on

REDACTED - CONFIDENTIAL

[1] The parties have met and conferred concerning these issues and have been unable to reach a resolution.

Kasowitz, Benson, Torres & Friedman LLP

Hon. Katherine B. Forrest
September 16, 2013
Page 2

REDACTED - CONFIDENTIAL

The document bearing Bates No. SW0011313 (*see* Ex. B) establishes that
REDACTED - CONFIDENTIAL

Finally, the document bearing Bates No. SW0011326 (*see* Ex. C) demonstrates that,
REDACTED - CONFIDENTIAL

Starwood designated Exhibits A, B and C as confidential pursuant to this Court's protective order dated April 23, 2013 (the "Protective Order"). *See* Ex. D. The Protective Order provides that only documents which contain "non-public business, commercial, financial or personal information, the public disclosure of which . . . could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial or personal interests" may be designated as confidential.
REDACTED - CONFIDENTIAL

For the foregoing reasons, Parker requested that Starwood de-designate these documents as confidential, but Starwood has refused. **Accordingly, pursuant to paragraph 8 of the Protective Order, Parker respectfully requests a ruling from the Court that Exhibits A, B and C are not confidential so that Parker can include the foregoing facts in its amended answer without having to file the answer under seal.**[3]

II.   **Discovery Concerning Misreporting of Occupancy at Other SPG Hotels.**

Pursuant to the Court's July 31, 2013 order, Parker deposed designees from three hotels participating in the Starwood Preferred Guest Program ("SPG Program") -- a miniscule sample of 1,400 SPG Hotels in the system.
REDACTED - CONFIDENTIAL

REDACTED - CONFIDENTIAL

[3] Parker does not intend to attach these documents to the amended answer but, rather, to include factual allegations based on these documents.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Katherine B. Forrest
September 16, 2013
Page 3



Parker respectfully requests that the Court should require Starwood to respond to the narrow discovery Parker already served requesting that Starwood:

- **Identify any person with knowledge of any alleged, potential, possible, suspected, reported, confirmed or investigated Misreporting of Occupancy by or at any SPG Hotel from January 1, 2008 to the present (Interrogatory No. 1 (served May 6, 2013));[5]**

- **Identify any person with knowledge of reports, audits, investigations, or other inquiries made by or on behalf of plaintiffs regarding Misreporting of Occupancy by any SPG Hotel from January 1, 2008 to the present (Interrogatory No. 2 (served May 6, 2013)); and**

- **Produce all documents and communications concerning any alleged, potential, possible, suspected, reported, confirmed or investigated Misreporting of Occupancy by or at any SPG Hotel from January 1, 2008 to the present (RFP No. 1 (served May 6, 2013)).**

---

REDACTED - CONFIDENTIAL

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Hon. Katherine B. Forrest
September 16, 2013
Page 4

**REDACTED - CONFIDENTIAL**

*See Int'l Diamond Imps., Ltd. v. Singularity Clark, L.P.,* 40 A.3d 1261, 1268, 1273 (Pa. Super. Ct. 2012) (holding that jury should be allowed to consider testimony regarding the behavior of parties to other contracts where it was alleged that defendants' behavior was so serious that it went to the "heart and essence" of the contract); *see also Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 274 (S.D.N.Y. 1999) (explaining that if there is "any possibility" that the information sought may be relevant to the subject-matter of the action, the relevance requirements of Rule 26(b)(1) are satisfied) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)).

Moreover, this discovery is not burdensome and is far more limited than the third-party discovery Parker originally sought.

**REDACTED - CONFIDENTIAL**

Given the relevance of these documents to multiple issues in this case and the minimal burden on Starwood to comply with these discovery requests, **Parker respectfully requests that the Court order the limited additional discovery concerning other hotels as specified herein.**

Respectfully,



Marc E. Kasowitz

Enclosures

cc:     Counsel of Record (*via electronic mail*) (*with enclosures*)