


BRYAN CAVE

Steven M. Stimell
Voice: 212-541-2042
Fax: 212-541-1442
smstimell@bryancave.com

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Bryan Cave Offices
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave International Consulting
*A TRADE AND CUSTOMS CONSULTANCY*
www.bryancaveconsulting.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

September 19, 2013

**BY HAND DELIVERY AND EMAIL**
Honorable Katherine B. Forrest
United States District Court, SDNY
500 Pearl Street, Room 730
New York, New York 10007

Re: Starwood v. PM Hotel Associates, L.P., et al., Index No. 13-cv-38

Dear Judge Forrest:

As counsel to Plaintiffs ("Starwood"), we write in opposition to the renewed motion of Defendants ("Parker") to compel discovery of alleged misrepresentation of occupancy at Starwood hotels other than the Parker hotels, and its motion regarding Starwood's designation of certain documents as confidential.

The Court should deny Parker's latest attempt to deflect focus away from its own admitted wrongdoing. At the direction of Parker's senior management, over [redacted] Parker employees were involved in an elaborate scheme to defraud Starwood over at least a three year period. [redacted]

In the context of this evidence, Parker disingenuously argues that deposition testimony regarding three hotels it selected pursuant to this Court's Order dated July 31, 2013 (the "Order") supports its position that it should be allowed discovery as to all *alleged, potential, possible, suspected, confirmed or investigated Misreporting of Occupancy* (which is defined by Parker to be "any form, method, or means of misrepresenting, misreporting or misstating Occupancy, Occupancy Rate, or SPG Occupancy…") with respect to the over [redacted] hotels that participate in the SPG program. The depositions, however, did not disclose any SPG fraud at these hotels. Accordingly, the renewed motion should be denied.

Discovery of Other Hotels

In opposing Parker's original motion for discovery of all Starwood hotels, Starwood demonstrated that neither wrongdoing at other hotels nor contract breaches by other companies is relevant to whether Parker's fraud constitutes material breaches of its two franchise agreements with Starwood, and whether those breaches are curable, citing, *inter alia*, *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 279 (7th Cir. 1992) ("the fact that [a franchisor] may ... have treated other franchisees more leniently is no more a defense to a breach of contract than laxity in enforcing the speed limit is a defense to a speeding ticket"), and *Matthews v. George Weston Bakeries Distribution, Inc.*, No. 06-14875-BC, 2007 WL 2952155, at *3 (E.D. Mich. Oct. 9, 2007) (applying New York law to reject an argument that a distributor's breach was curable because "two other distributors engaged in similar conduct but did not have their distribution rights terminated").

In support of its motion, Parker argued that "evidence of disparate treatment of similarly situated entities or individuals is relevant to defend against claims regarding contract termination."[1] Even if this were the applicable standard, which it is not, the deposition testimony offered by Parker does not satisfy this standard.

This Court authorized Parker to select three hotels to be subject to limited discovery. Parker selected the Sheraton Stamford,[2] the W South Beach and the Sheraton New Orleans, and deposed three Starwood employees.



[1] Parker cited two cases in support of this proposition. The first, *Cohn v. Taco Bell*, 92 Civ. 5852, 1994 WL 30546, at *3 (N.D. Ill. Feb. 3, 1994), is inapposite, since the court permitted discovery of a franchisor's disparate treatment of franchisee owned stores and franchisor owned stores in the context of a franchisee's claim of bad faith denial of permission to expand franchised stores, but expressly distinguished *Original Great Am. Chocolate Chip Cookie Co., Inc.* on the grounds that it applied to the issue of whether a franchisor had the right to terminate a franchise agreement. The decision in *Int'l Diamond Imps., Ltd. v. Singulaity Clark, L.P.*, 40 A3d 1261, 1273 (Pa. Super. Ct. 2012), did not address any precedent in discussing the relevance of admitted evidence of how a landlord treated similar breaches by other tenants, and it is unclear from the decision whether the landlord even challenged the admission or relevance of the evidence.

[2]



[3] (Parker Exh. F, 108:4-25; 109:21-110:5; Parker Ex G, 212:21-25). Parker's questions regarding these employees' knowledge of fraud that occurs generally in the hotel industry was not permitted by this Court's Order,

[4]



Parker's requests for Misreporting of Occupancy discovery do not seek relevant information, but are merely a fishing expedition that is unduly burdensome and absurdly overbroad. Responding to these requests would require Starwood (1) first to determine whether any "alleged, potential, possible, suspected, reported, confirmed or investigated" Misreporting of Occupancy occurred at any of the ██ SPG hotels within its system for a five year period and (2) then to identify and review information and documents relating to each such instance of Misreporting of Occupancy. Not only is that extremely burdensome, it is also for all practical purposes impossible within any reasonable time frame.

Designation of Documents as Confidential

Parker has challenged Starwood's designation of three documents as confidential. Starwood designated these documents as confidential to protect the confidentiality of its EthicsPoint reporting hotline for employees. Parker's motion is premature; the parties are still discussing a possible resolution of this issue. If a resolution is not achieved by September 23, Starwood will submit a brief response by September 25.

Respectfully submitted,

Steven M. Stimell

cc: All Counsel of record (*via electronic mail*)

# EXHIBIT 1 – 5

***Filed Under Seal***